1 | Edward S. Zusman (SBN 154366)
Kevin K. Eng (SBN 209036)
2 | MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
3 | San Francisco, CA 94104
Telephone: (415) 438-4515
4 | Facsimile: (415) 434-4505

5 | Attison L. Barnes, III
(Pro hac vice application pending)
6 | Suzzette Rodriguez Hurley
(Pro hac vice application pending)
7 | WILEY REIN LLP
1776 K Street NW
8 | Washington, DC 20006
Telephone: (202) 719-7000
9 | Facsimile: (202) 719-4305

10 | Attorneys for Defendant LIMBO, INC.

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14 |

15 | SANDRA REYES, individually and on behalf   Case No.
of a class of similarly situated individuals;

16 |

17 | Plaintiff,   **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1453, 1441, AND 1446**

18 | v.

19 | JINGLE NETWORKS, INC., a Delaware   (DIVERSITY UNDER CLASS ACTION FAIRNESS ACT)
corporation, and LIMBO, INC., a Delaware
corporation,   San Mateo Superior Court Case No. CV481159

20 | Defendants.

21 |

22 | **DEFENDANT'S NOTICE OF REMOVAL**

23 | Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1453, and 28

24 | U.S.C. §§ 1441, 1446, Defendant Limbo, Inc. ("Limbo" or "Defendant") hereby removes to the

25 | United States District Court for the Northern District of California, the above styled action

26 | pending as Case No. CV481159 in the Superior Court of the State of California for the County of

27 | San Mateo.

28 | Limbo states the following as grounds for removal:

1

**THE COMPLAINT**

1.    On February 11, 2009, Plaintiff filed this putative state court class action in the Superior Court of the State of California for the County of San Mateo.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit 1.  Limbo was served with the complaint and a summons from the state court on February 18, 2009.  A copy of the summons is attached hereto as Exhibit 2.

2.    Named plaintiff Sandra Reyes, on behalf of two putative nationwide classes consisting of "thousands of individuals and other entities," (Compl. ¶ 37), alleges that she received unauthorized texts messages from Defendants, (Compl. ¶ 30, 33), and that Defendants failed to disclose the charges which her wireless carrier would impose for such text messages, (Compl. ¶ 13, 17, 30).  Plaintiff also alleges that Limbo utilized a "deceptive cancellation method" to cease her subscription to text messages.  (Compl. ¶ 17.)  Plaintiff further asserts that "Defendants' text message content is data that causes consumer's wireless devices to slow down, takes up bandwidth over a wireless connection, consumes the memory of the device, and frustrates cell phone users."  (Compl. ¶ 34.)  And Plaintiff asserts that "Defendants' misconduct invades the privacy rights of potentially hundreds of thousands of people."  (Compl. ¶ 35.)

3.    Specifically, the Complaint asserts claims for violation of California's Unfair Competition Law, violation of California Computer Crime Law, trespass to chattels, invasion of privacy, and restitution/unjust enrichment.  (Compl. ¶¶ 43-70.)

4.    Plaintiff's two (2) proposed nationwide classes are as follows:

The "Jingle Class," which consists of:

[A]ll cellular telephone owners in the United States who, within four years prior to the filing of this lawsuit, were sent a text message (1) by Defendant Jingle and (2) that was not authorized by the existing owner of the phone number.

(Compl. ¶ 36(A).)

The "Limbo Class," which consists of:

[A]ll cellular telephone owners in the United States who, within four years prior to the filing of this lawsuit, were sent a text message (1) by Defendant Limbo and (2) that was not authorized by the existing owner of the phone number.

(Compl. ¶ 36(B).)

2

**JURISDICTION**

5.      This Court has jurisdiction over this action pursuant to CAFA which grants federal courts jurisdiction over class actions where there is minimal diversity and the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d); *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

**INTRADISTRICT ASSIGNMENT**

6.      Assignment to the San Francisco Division is appropriate because all civil actions arising in the County of San Mateo shall be assigned to the San Francisco or Oakland Divisions. Civil L.R. 3-2(c) & (d).

**Minimal Diversity**

7.      CAFA's minimal diversity requirement is satisfied when any member of the class of plaintiffs is from a different state than any one of the defendants.  28 U.S.C. § 1332(d)(2)(A). In addition, an action may be removed to federal court "without regard to whether any defendant is a citizen of the State in which the action is brought."  28 U.S.C. § 1453(b).   Further, although consent of all defendants is not required, 28 U.S.C. § 1453(b), Co-Defendant Jingle Networks consents to removal and will be filing joinder in this removal.

8.      Plaintiff Sandra Reyes is a resident of Arizona.  (Compl. ¶ 1.)

9.      Defendant Limbo is a Delaware corporation and has its principal place of business in California.

10.      Defendant Jingle Networks is a Delaware corporation and has its principal place of business in Massachusetts.

11.      Because the named plaintiff is from Arizona, a state different than where Jingle Networks and Limbo are incorporated (Delaware) or have their principal places of business (California and Massachusetts), and because 28 U.S.C. § 1453(b) allows federal court jurisdiction even when the action is brought in the defendant's home state, the action satisfies the minimal diversity requirements of CAFA.

///

///

**Amount in Controversy**

12.     CAFA's amount in controversy requirement is satisfied when the aggregated claims of the individual class members exceed $5 million exclusive of costs and interest, but including attorneys' fees. 28 U.S.C. § 1332(d).

13.     The amount in controversy requirement is met when the removing party shows "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loan, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).   "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Id.* at 488; *see Abrego*, 443 F.3d at 683, 685-86 (joining *Brill*).

14.     The Complaint did not assert the amount of money damages sought as required by California Code of Civil Procedure § 425.10(a)(2) (requiring that a complaint include "demand for judgment for the relief to which the pleader claims to be entitled. If the recovery of money or damages is demanded, the amount demanded shall be stated.").   Though Limbo denies any liability to the Plaintiff, for the purposes of this Notice of Removal, it is necessary to show that the amount in controversy between the parties exceeds $5 million.  A conservative estimation of the amount in controversy satisfies this requirement.

15.     Among other things, Plaintiff asserts that "Defendants' misconduct invades the privacy rights of potentially hundreds of thousands of people." (Compl. ¶ 35.)  Plaintiff seeks restitution of property gained by Defendants for allegedly unfair competition, (Compl. ¶ 50); compensatory damages for alleged violations, (Compl. ¶ 57); disgorgement of "all revenue obtained from the sale of advertisements embedded in the body of text messages Defendants transmitted to Plaintiff and the other members of the Classes," (Compl. ¶ 57, 69).  Plaintiff also seeks injunctive relief.  (Compl. ¶¶ 50, 57.)  In addition, the Complaint states that the "Classes consist of thousands of individuals and other entities." (Compl. ¶ 37.)

16.     This Notice of Removal is based solely on the allegations in the Complaint.  In arguing that Plaintiff has alleged facts sufficient to meet the amount in controversy, Limbo does not admit the facts alleged in the Complaint. Even if the facts alleged in the Complaint are true,

///

4

**NOTICE OF REMOVAL**

1    Limbo does not admit that they state a claim.  And even if the facts are true and they state a claim,

2    Limbo does not admit any liability or that there are any damages.

3         17.    The Complaint indicates that fees for the allegedly unauthorized text messages

4    have been incurred by customers throughout the United States.  (Compl. ¶¶ 32-33.)  A

5    conservative estimation of the fees and charges at issue surpasses the $5 million amount in

6    controversy requirement as Limbo has transmitted millions of text messages to millions of

7    customers during the relevant period as defined in the Complaint.  During the four year period

8    identified by the Plaintiff for the classes, Limbo has transmitted over 50 million text messages to

9    its subscribers.  The Plaintiff asserts that she is charged $0.15 per text message.  (Compl. ¶32.)

10   At that rate, the fees in question for text messages clearly exceed the $5 million threshold.  This

11   figure does not include text messages transmitted by the other defendant.

12        18.    In addition to Plaintiff's allegations regarding fees for unauthorized text messages,

13   Plaintiff also seeks damages in additional forms including  injunctive relief, compliance with

14   which would be costly, and the disgorgement of advertising-based revenue, which constitutes a

15   substantial portion of Limbo's total revenue.  Plaintiff also asserts the invasion of property rights

16   though the Complaint offers no indication of a means to calculate the damages for the same.

17   Plaintiff also seeks attorneys' fees.

18        19.    Limbo admits no liability with respect to the amount in controversy and does not

19   accept the allegations asserted in the Complaint.  However, for the purpose of this Notice of

20   Removal, Limbo acknowledges that the amount in controversy, which is by no means the amount

21   Plaintiff is entitled to recover, exceeds $5 million.

22        20.    Given the broad definition of the classes stated in the Complaint encompassing

23   millions of customers, the requested disgorgement of advertising revenue over the defined period

24   which includes the entirety of Limbo's time in operation, the additional damages sought and relief

25   requested, and the sheer number of text messages at issue, the amount in controversy requirement

26   is satisfied here.

27   ///

28   ///

**NOTICE OF REMOVAL**

### Discretionary or Mandatory Declining of Jurisdiction

21.     CAFA contains additional provisions under which a District Court may or must decline jurisdiction.  28 U.S.C. §§ 1332(d)(3) & (4).  Though these provisions apply when the defendant is a citizen of the forum state, as is the case here, neither applies when less than one third "of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed."  *Id.*; *see* 28 U.S.C. § 1332(d)(3) (applying when "greater than one-third but less than two-thirds" of the class members are citizens of the forum state); 28 U.S.C. § 1332(d)(4)(A)(i)(I) (applying when "greater than two thirds" of the class members are citizens of the forum state).  The Complaint defined two nationwide classes drawing from across the country with no specific concentration in California.  (Compl. ¶ 36.)  Therefore, neither of these provisions applies to this action.

### 28 U.S.C. § 1446 REQUIREMENTS

### Pleadings and Process

22.     Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached to this Notice of Removal as Exhibits 1, and 2.

### Removal to Proper Court

23.     Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) as the complaint was filed in San Mateo County, California, which is within this district.

### Timely Removal

24.     A notice of removal may be filed within thirty (30) days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Limbo received a copy of the initial pleading when served with the Complaint on February 18, 2009.  This Notice of Removal is timely filed on or before March 20, 2009.

///

///

///

///

6

**Notice to State Court**

25.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of San Mateo and is being served on counsel of record as required by 28 U.S.C. §§ 1446(a), (d).

WHEREFORE this action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.


Respectfully submitted,

Dated: March 20, 2009                    MARKUN ZUSMAN COMPTON LLP


By: _____
           Edward S. Zusman

Counsel for Defendant LIMBO, INC.

7

ALAN HIMMELFARB (State Bar # 90480)
KamberEdelson, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| SANDRA REYES, individually and on behalf of a class of similarly situated individuals, | ) Case No. |
| | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| Plaintiff, | ) **AND INJUNCTIVE RELIEF** |
| | ) |
| v. | ) DEMAND FOR JURY TRIAL |
| | ) **CLASS ACTION** |
| | ) |
| JINGLE NETWORKS, INC., a Delaware corporation, and LIMBO, INC., a Delaware corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

### CLASS ACTION COMPLAINT

Plaintiff Sandra Reyes brings this class action complaint against Defendants Jingle Networks, Inc. and Limbo, Inc. to stop Defendants' practice of transmitting unauthorized text messages to the wireless devices of consumers nationwide, and to obtain redress for all persons injured by their conduct. For her class action complaint, Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1.    Plaintiff Sandra Reyes is a resident of Arizona.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1      2.     Defendant Jingle Networks, Inc. d/b/a 1-800-Free-411 ("Jingle") is a

2  telephone number directory service offering "free directory service."  It is a Delaware

3  corporation with its principal place of business in Massachusetts and it conducts business

4  throughout the United States.

5      3.     Defendant Limbo, Inc. ("Limbo") is a self-described "mobile social network"

6  and advertiser-customer of codefendant Jingle's 1-800-Free-411 service.  It is a Delaware

7  corporation with its principal place of business at 270 East Lane, Suite 1, Burlingame, CA

8  94010 and it conducts business throughout the United States.

9
**JURISDICTION**

10      4.     This Court has subject matter jurisdiction over the causes of action asserted

11  herein pursuant to the California Constitution, Article VI, §10, because this case is a cause

12  not given by statute to other trial courts.

13      5.     This Court has jurisdiction over Defendants pursuant to Code of Civil

14  Procedure § 410.10 because a Defendant resides in and/or conducts business in the State of

15  California and/or many of Defendants' wrongful acts arose or emanated from California.

16
**VENUE**

17      6.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395 as a

18  Defendant Limbo's designated principal office is within the County of San Mateo.

19
**THE CONDUCT COMPLAINED OF**

20      7.     In recent years, as speech recognition technology has advanced from modest

21  academic research to widespread consumer applications that underpin a multibillion dollar

22  industry, certain companies have attempted to, and actually do, profit from this phenomenon

23  by deceptively marketing services with deliberately misleading terms and conditions, a

24  practice which has injured Plaintiff and an ever-increasing number of consumers.

25      8.     In or about 2005, one such company, Defendant Jingle, introduced its own

26  speech recognition-based application:  a telephone number directory service called 1-800-

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
2

1  Free-411 ("Free411"), which Jingle marketed to consumers as free to use. From the

2  beginning, Free411's business model depended on speech recognition technology to

3  eliminate the costs associated with maintaining a staff to respond to calls from consumers.

4      9.      For consumers, Free411 appears to work like common telephone directory

5  assistance available through carriers such as AT&T, Verizon and Sprint. Using his or her

6  telephone, a consumer dials the 1-800-Free-411 phone number and is routed through an

7  automated system that asks for the location, type of listing and/or listing name. The

8  difference consumers notice with Free411 from traditional telephone directory services is the

9  advertising.

10      10.      To generate revenue, Defendant Jingle has implemented an advertising-based

11  business model. Initially, the advertising that Free411 delivered to callers was exclusively

12  comprised of audio messages. Thus, at various times during the call, the caller would hear

13  advertisements at predetermined moments. Such advertisements consist primarily of those

14  from national advertisers that are tailored to the information Free411 gleans from the caller's

15  phone number, such as geographic location (i.e. area code), origin of the call (e.g. residential,

16  business, etc.), type of phone (e.g., cellular telephone) and nature of the requested phone

17  number.

18      11.      In or about 2006, Defendant Jingle began to offer its customers who called

19  Free411 from cellular telephones a new form of advertising: ads delivered to Free411 callers

20  in the form of text messages (i.e., short message services (SMS)). Given the ever increasing

21  percentage of calls to Free411 originating from cell phones and the ability to advertise to

22  consumers long after their calls to Free411 had ended, Defendant Jingle considered the

23  growth of its text message advertising business critical to its long-term competitive position

24  in the directory assistance industry.

25      12.      In an effort to accelerate Free411's SMS advertising business, Defendant

26  Jingle permitted SMS advertisers to conceal and even misrepresent the actual cost of

27

28

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

3

receiving text messages from Free411 and its advertisers.  For instance, in Free411's audio advertisement for Defendant Limbo, it states that the caller may receive free daily weather alerts from a third-party advertiser by text message if the caller affirmatively opts-in by pressing the star key on the caller's cellular telephone, but does not first disclose the charges associated with the alerts.

13.     In reality, the caller can be charged by his or her carrier $0.50 or more for the receipt of each such text message.  Jingle and its advertiser customers, including Defendant Limbo, deliberately avoid disclosing this information to customers during the advertisements in order to increase their revenue.  Instead, Defendant Jingle and its advertiser customers wait to make such disclosures until after Free411 callers, including Plaintiff, first agree to receive the "free" weather alerts by pressing the star key on the caller's cellular telephone.  As Defendant Jingle knows, if it or its advertiser customers had actually disclosed such information regarding the actual cost of the "free weather alerts" prior to inducing consumers into accepting by pressing the star key, few consumers, if any, would authorize the receipt of such alerts.

14.     A transcript of the relevant audio advertisement is as follows:

*"Free411. Who needs one of those barometer thingies when you have a cell phone. Get free daily weather alerts personalized to your zip code sent to your cell phone from Limbo. Try it now. If you're calling from a mobile phone now, press the star key to get your text alerts."*

15.     After the caller presses the "star" key on their cell phone, the following audio disclosure is made: *"A text message is being sent to your cell phone.  Standard text messaging rates may apply."*  This message should have been made before the caller was prompted to press the star key.

16.     Shortly thereafter, a text message from the short code 41414, which belongs to Free411 advertiser Defendant Limbo, is sent to the caller's cell phone (including Plaintiff's phone on August 24, 2008) stating the following:

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

4

"LIMBO LOWDOWN:  Thanks. Your subscription via Free411 has been confirmed. Reply THREE STOP to end your subscription at any time. www.limbo.com."

17.     Compounding Defendants' failure to timely disclose the true cost to consumers of receiving Defendant Limbo's text messages is the underhanded and unusual method by which Defendants required consumers to cancel such text messages.  The unnecessarily deceptive cancellation method (i.e., replying "Three Stop" rather than common terms such as "Stop," "Quit," or "Cancel," as recommended by Mobile Marketing Association industry guidelines) was clearly intended to create confusion and discourage cancellations.

## FACTS RELATED TO PLAINTIFF

18.     In or about November 2004, Plaintiff Reyes purchased a new cell phone service for her personal use from T-Mobile.

19.     On that same day, in exchange for a T-Mobile cellular phone service plan, Reyes agreed to pay T-Mobile a monthly fee.

20.     On or about August 24, 2008, Reyes called 1-800-373-3411 for free directory assistance.  Defendants' audio advertisement offered Plaintiff "free weather reports" if she pressed the star key.

21.     Relying on this message, Plaintiff pressed the star key at that time, immediately after which, the automated voice disclosed *"A text message is being sent to your cell phone.  Standard text messaging rates may apply."*  Plaintiff would not have pressed the star key had the audio message disclosed to her that the free text alerts were not actually free, but rather would cost her text messaging fees.

22.     Minutes later, at or around 12:43 p.m., Reyes received a text message from 41414:

"Limbo Lowdown: Thanks. Your subscription via Free411 has been confirmed. Reply THREE STOP to end your subscription at any time."

23.     Then, at or around 12:47 p.m. Plaintiff received another text message advertisement from Defendant Jingle's short code, 37411, stating:

"My Circle: Unlimited calling to the people you talk to the most – anytime. America's largest network giving you coverage across the nation 800-ALLTEL-1."

24.     Mere minutes later, at or around 12:50 p.m., Plaintiff received a text message from short code 41414:

"LIMBO: Phoenix, AZ 85016 Today: 108/85F Mostly Sunny, Mon: 107/86F Partly Sunny, Tue: 105/85F Partly Sunny Ad: Save $2/call by using 1-800-FREE-411"

25.     The next day, on August 25, 2008, at or around 11:25 a.m., Plaintiff received another unsolicited text message from short code 41414:

"LIMBO: Phoenix, AZ 85016 Today: 104/76F Partly Sunny, Tue: 100/77F Partly Sunny, Wed: 103/75F Partly Sunny . . . The latest trends! Reply C"

26.     At or around 11:31 a.m., Plaintiff attempted to cancel Defendants' text message service by sending the following text message to Defendant Limbo's short code of 41414:

"THREE STOP.  Please end my subscription. Texts are not free for me. Thx."

27.     Almost immediately, at 11:31 a.m., Plaintiff received yet another text message from short code 41414 stating the following:

"LIMBO LOWDOWN: You've opted out of your 3 day Forecast subscription. Visit www.limbo.com/lowdown for all text alerts.  Reply PLAY for a list of games."

28.     Plaintiff then received two text messages from ringtone provider Mobilefunster, Inc. d/b/a CSW ("Mobilefunster") via short code 71769, at 12:46 pm and 12:51pm on August 25, 2008. Mobilefunster is yet another party, along with Defendant Jingle, who Plaintiff did not authorize to send her text messages.

29.     Shortly thereafter, at 3:41 pm, Plaintiff replied to Mobilefunster, short code 71769, with the following text message:

"Each text costs me 15 cents. Please stop sending them to me. Thx."

30.     In total, between August 24-25, 2008, Plaintiff received up to ten such unauthorized text messages from Defendants and/or their agents.  Each such text message

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   cost Plaintiff $0.15.  At no time did Plaintiff consent to receive such text messages from

2   Defendants.

3          33.     Upon information and belief, the unauthorized content Defendants transmitted

4   to Plaintiff's wireless device was one of thousands delivered to the wireless devices of

5   persons around the United States, in the same fashion and by the same means as those

6   received by Plaintiff.

7                  **Additional Damage Caused by Defendants' Unlawful Conduct**

8          34.     In addition to the fees discussed above and other related fees assessed by

9   carriers, Defendants' text message content is data that causes consumer's wireless devices to

10  slow down, takes up bandwidth over a wireless connection, consumes the memory of the

11  device, and frustrates cell phone users.  The unauthorized spam decreases productivity by

12  requiring that hours be spent on figuring out how to stop the content from being placed on

13  one's wireless device and how to get the content off one's cell phone.  The cumulative

14  impact of not only multiple unwanted text messages, but also the threat of their continued

15  receipt, impedes the use of wireless devices.

16         35.     More significantly, Defendants' misconduct invades the privacy rights of

17  potentially hundreds of thousands of people.  Such persons are receiving unwanted text

18  messages at all times of the day and night.

19                                **CLASS ALLEGATIONS**

20         36.     Plaintiff brings this action, pursuant to Code of Civil Procedure § 382 on

21  behalf of herself and two classes:

22              A) The Jingle Class ("Jingle Class"): consisting of all cellular telephone

23  owners in the United States who, within four years prior to the filing of this lawsuit, were

24  sent a text message (1) by Defendant Jingle and (2) that was not authorized by the existing

25  owner of the phone number.

26

27

28
_____
                **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

B) The Limbo Class ("Limbo Class"): consisting of all cellular telephone owners in the United States who, within four years prior to the filing of this lawsuit, were sent a text message (1) by Defendant Limbo and (2) that was not authorized by the existing owner of the phone number.

37.     The Classes consists of thousands of individuals and other entities, making joinder impractical, in satisfaction of Code of Civil Procedure § 382.

38.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the class, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

39.     Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

40.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the respective class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

41.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes.  Plaintiff and the other Classes members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

42.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions

1    that may affect individual members of the Classes.  Common questions for the Classes

2    include but are not limited to the following:

3                    (a)    Whether Defendants' conduct described herein violates Cal. Bus. &

4    Prof. Code § 17200, California's Unfair Competition Law;

5                    (b)    Whether Defendants' conduct described herein violates Cal. Pen. Code

6    § 502(c)(3), California's Computer Crime Law;

7                    (c)    Whether Defendants' conduct described herein amounted to trespass to

8    chattels on behalf of Plaintiff and the Classes; and

9                    (d)    Whether Defendants' conduct described herein unlawfully violated

10   Plaintiff's and the Classes' privacy.

**FIRST CAUSE OF ACTION**
11   **(Violation of California's Unfair Competition Law ("UCL"),**
12   **Cal. Bus. & Prof. Code § 17200 – On Behalf of Both Classes)**

13       43.    Reyes incorporates by reference the foregoing allegations.

14       44.    As Defendants know, Defendants' communications to cellular carriers or

15   aggregators falsely state that Plaintiff and the other class members have approved,

16   authorized, and/or consented to charges for mobile content services, and are deceptive and

17   unfair.

18       45.    Defendants' communications to Plaintiff and other cell phone customers

19   offering free mobile weather alerts conceal the true costs of the alerts until after the customer

20   has agreed to receive the alerts by pressing the star key.  Had Plaintiff and the other cell

21   phone customers known of the true costs of the alerts, they would not have pressed the star

22   key signaling their consent to receive the alerts.  Defendants knowingly fail to disclose the

23   true costs associated with the so-called free alerts, but conceal the same because Defendants'

24   advertising revenue would decrease.

25       46.    Further, these communications are unlawful because they violate the

26   California Computer Crime Law.

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

9

47.   Further, these communications are unlawful because they violate the Electronic Funds Transfer Act with respect to pre-paid cellular accounts. Pre-paid cellular accounts are credits against future charges through a cellular carrier and are established primarily for personal, family, or household purposes. 12 C.F.R. § 205.2(b)(1). Cellular carriers that offer pre-paid accounts are "financial institutions" under the EFTA because they directly or indirectly hold an account belonging to the class members. 12 C.F.R. § 205.2(i). The SMS messages described above are initiated by Defendants; when the SMS messages are sent, funds corresponding to the charges for these SMS messages are transferred from the pre-paid cellular accounts. The transfer of these funds is an electronic fund transfer under the definition in 12 C.F.R. § 205.3(b). As the electronic fund transfers are set to occur whenever Defendants send text messages, they were purportedly authorized to recur at substantially regular intervals, and are preauthorized electronic fund transfers under the definition in 12 C.F.R. § 205.2(k). Defendants therefore violate 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.2(b) when they cause the transfer of funds without the written authorization of Plaintiff and the other members of the Classes.

48.   The acts alleged above are unlawful, unfair or fraudulent business acts or practices and constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

49.   These UCL violations have damaged the Plaintiff and other members of the Classes by causing them to pay falsely inflated cellular service bills to their cellular carriers, as well as the lost time required to sort, read, discard and attempt to prevent future charges for unwanted mobile content services, and lost storage space, connectivity, and computing resources on their cellular phones.

50.   Plaintiff, on her own behalf and on behalf of the other members of the Classes, seeks an order enjoining Defendants' unfair competition alleged herein, and restitution of property gained by such unfair competition under the UCL (Cal. Bus. & Prof.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

10

1   Code § 17203), as well as interest and attorneys' fees and costs pursuant to, in part, Cal.

2   Code Civ. Proc. § 1021.5.

3                          **SECOND CAUSE OF ACTION**
    **(Violation of California Computer Crime Law – On Behalf of Both Classes)**
4
5       51.     Plaintiff incorporates by reference the foregoing allegations.

6       52.     The cellular phones used and owned by Reyes and the other members of the

7   Classes are sophisticated electronic devices that are programmable and capable of being used

8   in conjunction with external files, and contain many (if not most) of the same capabilities and

9   equipment as traditional desktop computers (as well as cellular radio signal processing

10  technology).  These cellular phones are computer systems under the definition of Cal. Pen.

11  Code § 502(b)(5).

12      53.     The delivery of SMS messages to cellular phones is performed according to

13  industry standards (specifically, the Short Message Service standard).  The technical

14  protocols of these standards require that transmission of mobile content to a cellular phone

15  (and the subsequent billing of that account) is not complete until the cellular phone transmits

16  a confirmation signal.  Thus, the unauthorized charges to phone numbers attributable to

17  Defendants require interactivity and access to the cellular phones of Plaintiff and the other

18  members of the Classes.  SMS messages contain brief communications from other SMS

19  users, and are data under the definition of Cal. Pen. Code § 502(b)(6).

20      54.     The receipt of SMS messages to cellular phones consumes computer services

21  as defined by Cal. Pen. Code § 502(b)(4), including computer time, data processing, and

22  storage capacity.  Moreover, Reyes and the other members of the Classes frequently must

23  pay for the receipt of SMS messages, whether those messages are authorized or not.  If the

24  unauthorized charges attributable to Defendants are not eventually paid, Verizon Wireless, T-

25  Mobile, AT&T (and any other cellular carrier) would discontinue all services (including

26  cellular service) to the affected cellular accounts.

27

28
    _____
            **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
                                11

55.   Through the conduct alleged above, Defendants are involved in the transmission of SMS messages to the cellular phones of Plaintiff and the other members of the Classes.  Through this conduct, Defendants violate Cal. Pen. Code § 502(c)(3) by knowingly and without permission using or causing to be used computer services, and violate Cal. Pen. Code § 502(c)(4) by knowingly accessing the cellular phones of Plaintiff and the members of the Classes and, without permission, add data to those phones.

56.   Plaintiff and the other members of the Classes own the cellular phones affected by Defendants' violation of Cal. Pen. Code § 502 and are damaged by those violations.  If the unauthorized charges attributable to Defendants are not eventually paid, cellular carriers will discontinue all services (including cellular service) to the affected cellular telephone accounts.  Thus, these charges require members of the Classes to pay more to their cellular carrier to maintain their cellular service.

57.   Plaintiff, on her own behalf and on behalf of the other members of the Classes, seeks compensatory damages in an amount to be determined at trial and injunctive relief or other equitable relief (including an accounting, and disgorgement of fees – including, specifically, all revenue obtained from the sale of advertisements embedded in the body of text messages Defendants transmitted to Plaintiff and the other members of the Classes  while these violations were ongoing), as well as reasonable attorneys' fees, against Defendants under Cal. Pen. Code § 502(e).

### THIRD CAUSE OF ACTION
#### (Trespass to Chattels – On Behalf of Both Classes)

58.   Plaintiff incorporates by reference the foregoing allegations.

59.   At all relevant times, Defendants and/or their agents intentionally and without consent gained access to Plaintiff's wireless handset and the handsets of the other members of the Classes, used Plaintiff's wireless handset and the handsets of the Classes, occupied memory of these handsets, drain monetary and other resources associated with such handsets,

and/or dispossessed Plaintiff and the members of the Classes of unencumbered access to their wireless handsets.

60.    In so doing, Defendants intentionally intermeddled with, damaged, and deprived Plaintiff and the Classes of their wireless handsets, or a portion thereof.

### FOURTH CAUSE OF ACTION
### (Invasion of Privacy – On Behalf of Both Classes)

61.    Plaintiff incorporates by reference the foregoing allegations.

62.    Wireless handsets provide users with apparent seclusion, solitude and privacy.

63.    Defendants intentionally intruded upon the solitude and seclusion of Plaintiff and the Classes by invading the privacy of wireless handset use through their transmission of unauthorized content via text message.

64.    The invasion by Defendants would be highly offensive to a reasonable person and damaged Plaintiff and the members of the Classes.

65.    Likewise, by causing charges based on false consent, Defendants wrongfully appropriated Plaintiff's and the members of the Classes' personalities for commercial use.

### FIFTH CAUSE OF ACTION
### (Restitution/Unjust Enrichment on behalf of Both Classes)

66.    Plaintiff incorporates by reference the foregoing allegations.

67.    Plaintiff and the respective members of the Classes have conferred a benefit upon Defendants.  As a result of their billing and collecting significant sums of money for the sale of advertisements embedded in text messages transmitted to Plaintiff and the other members of the Classes, Defendants have received money at the expense of Plaintiff and the other members of the respective Classes.

68.    Defendants appreciate or have knowledge of said benefit.

69.    Under principles of equity and good conscience, Defendants should not be permitted to retain the money they received at the expense of Plaintiffs and the other

1   members of the respective Classes, which Defendants have unjustly received as a result of

2   their actions.

3       70.     Plaintiff and the Classes have suffered loss as a direct result of Defendants'

4   conduct.

5       WHEREFORE, Plaintiff Sandra Reyes, on behalf of herself and the Classes, prays for

6   the following relief:

7           1.      An order certifying the Classes as defined above, and appointing the

8   undersigned as lead counsel and Sandra Reyes as class representative;

9           2.      An injunction requiring Defendants to cease all wireless spam

10  activities and restraining Defendants from altering, erasing, changing, deleting, destroying or

11  otherwise removing or disposing of any documents, records, databases, computer systems

12  and the like currently in its possession or control or in the possession or control of its agents

13  and contractors that are used or useful in identifying all persons, corporations or other entities

14  to whom Defendants have transmitted its text messages;

15          3.      An award of actual and/or statutory damages;

16          4.      Reasonable attorneys' fees and costs; and

17          5.      Such other and further relief the Court deems appropriate.

18                          **JURY DEMAND**

19      Plaintiff requests trial by jury of all claims that can be so tried.

20

21

22                                  Respectfully submitted,

23  Dated:  February //, 2009

24

25                          By: _____

26                              Alan Himmelfarb
                                KAMBEREDELSON, LLC

27

28  _____
            **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
                                14

One of the Attorneys for Sandra Reyes,
individually and on behalf of a class of
similarly situated individuals

ALAN HIMMELFARB (State Bar # 90480)
KAMBEREDELSON, LLC
2757 Leonis Blvd
Vernon, California 90058-2304
Telephone: (323) 585-8696

KAMBEREDELSON, LLC
350 N. LaSalle Street
Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378

# ONE LEGAL LLC

## CONFIRMATION for Court Filing



| ONE LEGAL CONFIRMATION FOR ORDER NO: | 6023954 | Date: 2/11/2009 |
|---|---|---|

| | | |
|---|---|---|
| Customer | LAW OFFICE OF ALAN HIMMELFARB | Attorney Alan Himmelfarb |
| Customer No. | 0005715 | Attorney e-mail consumerlaw1@earthlink.net |
| Address | | Contact Alan Himmelfarb |
| | 2757 Leonis Blvd. | Contact e-mail consumerlaw1@earthlink.net |
| | Vernon, CA 90058 | Contact Phone 323-585-8696 |
| | | Contact Fax 323-585-8198 |
| | | Law Firm File Number none |

**Case Information:**

| | |
|---|---|
| Case Number | CIV 481159 |
| County | San Mateo |
| Court | San Mateo |
| Case Short Title | Sandra Reyes vs. Jingle Networks |

| Documents Received: | No. Docs: 4 | No. Pgs: 19 |
|---|---|---|

Complaint, Summons, Civil Case Cover Sheet, San Mateo Complex Designation

### This is a Confirmation Only. Not an Invoice!

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| 2/11 ETA FOR CAPTION PGS AT 5PM TODAY. | Service fee | 51.00 |
| Complex case fee: $550 & filing fee: $350= $900 | Court Filing Fee | 900.00 |
| Complex hearing date: 4/14/09 |   Clerk of Court Ck:3061209 | |
| Order Status: Assignment Completed | Funds Advance Fee | 63.00 |
| | Phone Calls | 2.00 |
| | **Total:** | **1,016.00** |

Thank you for choosing One Legal. If you have any questions about this assignment, please contact,
110 Branch
Ph: 650-365-8707  Fx: 650-365-8705

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ALAN HIMMELFARB<br>KAMBEREDELSON, LLC<br>2757 Leonis Boulevard<br>Vernon, California 90058<br>TELEPHONE NO: (323) 585-8696   FAX NO: (312) 873-4610<br>ATTORNEY FOR *(Name):* SANDRA REYES | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: San Mateo , CA, 94063
BRANCH NAME: Main Courthouse

CASE NAME:
REYES v. JINGLE et al

**RECEIVED**

**FEB 11 2009**

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV 481159**<br>JUDGE:<br>DEPT. |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**BY FAX**

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2009
ALAN HIMMELFARB
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]<br>CIVIL CASE COVER SHEET<br>Page 1 of 2<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JINGLE NETWORKS, INC., a Delaware corporation, and LIMBO, INC., a Delaware corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SANDRA REYES, individually and on behalf of a class of similarly situated individuals,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

FEB 1 1 2009

Clerk of the Superior Court
By ___ A. Degliantoni
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California county of San Mateo, Main Courthouse
400 County Center,
Redwood City, CA 94063

CASE NUMBER
*(Número del Caso):*
**CIV 481159**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Himmelfarb, KAMBEREDELSON LLC,
2757 Leonis Blvd., Los Angeles, CA 90058, (323) 585-8696

A. DEGLIANTONI

DATE:    FEB 1 1 2009    JOHN C. FITTON    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

ALAN HIMMELFARB (State Bar # 90480)
KamberEdelson, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

ATTORNEYS FOR PLAINTIFF

**ENDORSED FILED**
SAN MATEO COUNTY

FEB 1 1 2009

Clerk of the Superior Court
By ____ A. Daglianteni
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| SANDRA REYES, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> JINGLE NETWORKS, INC., a Delaware corporation, and LIMBO, INC., a Delaware corporation, <br><br> Defendants. | Case No. **CIV 4 8 1 1 5 9** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> DEMAND FOR JURY TRIAL <br> **CLASS ACTION** <br><br> **BY FAX** |

## CLASS ACTION COMPLAINT

Plaintiff Sandra Reyes brings this class action complaint against Defendants Jingle Networks, Inc. and Limbo, Inc. to stop Defendants' practice of transmitting unauthorized text messages to the wireless devices of consumers nationwide, and to obtain redress for all persons injured by their conduct. For her class action complaint, Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1.     Plaintiff Sandra Reyes is a resident of Arizona.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| Alan Himmelfarb<br>KAMBEREDELSON, LLC<br>2757 Leonis Boulevard<br>Vernon, California 90058<br>Telephone:<br>State Bar No.: 323 585 8696<br>          96496<br>Attorney for: Plaintiff Sandra Reyes | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>FEB 1 1 2009<br><br>Clerk of the Superior Court<br>By ___ A. Cagliantoni<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

| | |
|---|---|
| Plaintiff<br>Sandra Reyes | |
| Defendant JINGLE Networks, Inc.<br>Limpo Inc | |
| **Certificate Re Complex Case Designation** | Case Number<br>**CIV 4 8 1 1 5 9** |

BY FAX

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1. In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

   ☐ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

   ☐ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

   ☒ Box 5 – Is [or is not] a class action suit.

2. This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]                                                                www.sanmatcocourt.org

# NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**
SAN MATEO COUNTY

Sandra Reyes

FEB 11 2009

Clerk of the Superior Court
By A. Degllantoni
DEPUTY CLERK

vs.

Jingle Networks Inc.

Case No. **CIV 481159**

Date: Oct 23 2009

Time: 9:00 a.m.

Dept. 11 on Tuesday & Thursday
Dept. — on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).
   b. **Serve** a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve** a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                        FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 COUNTY CENTER**
MAILING ADDRESS: **400 COUNTY CENTER**
CITY AND ZIP CODE: **REDWOOD CITY, CA 94063**
BRANCH NAME: **SOUTHERN**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** <br> (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                          Time:                  Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a. ☐ This statement is submitted by party *(name):*
    b. ☐ This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.    The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*

        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐ have had a default entered against them *(specify names):*

    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a. Type of case in ☐ complaint ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

# Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

- ❑ **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- ❑ **Cheaper** – Parties can save on attorneys' fees and litigation costs.

- ❑ **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

- ❑ **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

- ❑ **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- ❑ **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

- ❑ **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- ❑ **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- ❑ **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- ❑ **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- ❑ **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Appropriate Dispute Resolution Information Sheet

[CA Rule of Court §3.221]

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

☐ The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

☐ All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

☐ If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

☐ You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

    o For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

☐ If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your **first** CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

☐ Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

☐ Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

☐ If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

---

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

---

**For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 599-1073/fax: (650) 599-1754**

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 (New September 2007)

[CA Rule of Court §3.221]
www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

☐ *Free* - Parties do not have to pay for the arbitrator's fee.

☐ *Fast* - Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

☐ *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

☐ The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

☐ During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

☐ Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

☐ Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

    o  For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

☐ After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

☐ If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

☐ Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact
Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063.
Phone: (650) 363-4896 and Fax: (650) 365-4897**

Appropriate Dispute Resolution Information Sheet

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655  (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation           ☐ Binding Arbitration (private)
☐ Neutral Evaluation             ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

---

### ORIGINAL SIGNATURES

---

Type or print name of ☐Party without attorney       ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant       Attorney or Party without attorney

---

Type or print name of ☐Party without attorney       ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant       Attorney or Party without attorney

---

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney


_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney


**IT IS SO ORDERED:**


DATE:                                        _____
                                             JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

# DIVISION II
# COURT MANAGEMENT - SUPERIOR COURT

## CHAPTER 1.  FORM AND SERVICE OF PAPERS

### Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

### Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

### Rule 2.1.1  Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

### Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

### Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1.  MANAGEMENT DUTIES

Rule 2.2   Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)      Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)      To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)      To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)      To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)      In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)      Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

    If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

    If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)    Exceptions for longer periods of time to serve or respond:

Superior Court of California, County of San Mateo

(A)     Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rule of Court 379(g)*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)     Case management conference

(1)     Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)     An order referring the case to arbitration, mediation or other dispute resolution process;

(B)     An order transferring the case to the limited jurisdiction of the superior court;

(C)     An order assigning a trial date;

(D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)     An order scheduling the exchange of expert witness information;

(H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

(A)     Reference CRC, Rule 3.670

(B)     Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner.  Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."*  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1).  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007).

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 222.

(a)    At all settlement conferences, notwithstanding any other Rule:

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

Superior Court of California, County of San Mateo

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts.

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss.

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

(d)     At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e)     Sanctions pursuant to CRC 2..30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007)

## PART 3.  CALENDAR MANAGEMENT

Rule 2.5  Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6  Refund of Jury Fees:  Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3.   [RESERVED]

Superior Court of California, County of San Mateo

# CHAPTER 4.  JURY RULES

**Rule 2.7 Length of Jury Service**

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

    (a)    Served on one trial until discharged.

    (b)    Been assigned on one day for jury selection until excused by the jury commissioner.

    (c)    Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

    (d)    Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

    (e)    Served one day on call.

    (f)    Served no more than 5 court days on telephone standby.

    (Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

**Rule 2.7.1  Proposed Jury Instructions**

(a)    Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)    The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

    (Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

**Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions**

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case.  Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

    (Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

**Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)**

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055.  Any jury instructions requested after the conclusion of taking evidence shall be in writing.  The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

Superior Court of California, County of San Mateo

"Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

    (Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

## Rule 2.7.4  Changing Jury Instructions

    If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

    (Adopted, effective January 1, 2000)

## Rule 2.7.5  Jury Instruction Conference

    Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

    In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

    The trial judge will then discuss with counsel:

    (1)    Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

    (2)    Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

    (3)    Whether there is any other modification, namely those to which the parties will stipulate.

    Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

    The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

    Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

    The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

    (Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

Rule 2.7.6 Refund of Jury Fees: Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5. GENERAL RULES

Rule 2.8 Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9 Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10 Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

Rules 2.11 thru 2.19 (Reserved)

## CHAPTER 6. CIVIL TRIAL RULES

Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
(1)   Any in limine motions and response thereto;
(2)   Any trial briefs;

(3)     A concise non-argumentative statement of the case to be read to the jury; and

(4)     A list of possible witness who may testify in the trial to be read to the jury panel by the court.

(Adopted, effective January 1, 2002)


Rule 2.21   In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)


Rule 2.22   Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court.  The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)


**RULE NUMBERS 2.23 TO 2.29 ARE RESERVED**


**CHAPTER 7. COMPLEX CASES**

Rule 2.30    Determination of Complex Case Designation.

A.     **Decision of Complex Case to be Made by Presiding Judge**

The Presiding Judge shall decide whether an action is a complex case  within the meaning of California Rules of Court, Rule 3.400,  subdivision (a), and whether it should be assigned to a single judge for all purposes.   All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

B.   **Provisional Designation.**

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

C.   **Application to Designate or Counter-Designate an Action as a Complex Case.**

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.   Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1) . Management of a large number of separately represented parties;
(2)    Complexity of anticipated factual and/or legal issues;
(3)    Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary
        evidence;
(5)    Coordination with related actions pending in one or more courts in other counties, states or
        countries or in a federal court;
(6)    Whether or not certification of a putative class action will in fact be pursued; and
(7)    Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.   **Noncomplex Counter-Designation.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying . Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.   **Decision by Presiding Judge on Complex Case Designation; Early Status Conference.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case.  This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

Superior Court of California, County of San Mateo

Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F.  Notice.

The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action.  Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G.  Representations to the Court.

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

(1)  That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)  That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)  That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H.  The Presiding Judge's Continuing Power.

With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I.  Pilot Program; Sunset Provision. (Repealed, effective 1/1/2007).

(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)

RULE NUMBERS 2.31 TO 2.35 ARE RESERVED

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

# COURTCALL, LLC

*Telephonic Court Appearances*

6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) COMPLETELY fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! **LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!**

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:** Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

**IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!**

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

*. If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. DO NOT LEAVE THE LINE!

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND ANEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax): | DO NOT FILE WITH COURT |
|---|---|
| | **COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!!** |
| State Bar No. _____ | |
| ATTORNEY FOR (Name): | |
| San Mateo Superior Court | |
| | CASE NUMBER:<br><br>JUDGE/DEPARTMENT:<br><br>DATE AND TIME:<br><br>NATURE OF HEARING: |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT *I DIAL* INTO THE CALL **FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

   ☐  Check (copy faxed-write case # on check) payable to CourtCall. <u>DO NOT MAIL ORIGINAL</u>. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

   ☐  Charged to CourtCall Debit Account No.:_____

   ☐  Charged to VISA, MasterCard or American Express:

   | **TO BE COMPLETED <u>ONLY</u> ON THE COPY SUBMITTED TO CourtCall, LLC:** |
   |---|
   | Credit Card:     O VISA     O MasterCard     O American Express |
   | Credit Card Number:_____  Expiration Date:_____ |
   | To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
   | Date: _____  Name on Card: _____<br><br>                                    Type Name                          Signature |

4. Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. **WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____            _____
                                                                    Signature

4.25.02                     **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**