1  ALAN HIMMELFARB (SBN 90480)
   Email: ahimmelfarb@kamberedelson.com
2  KAMBEREDELSON, LLP
   2757 Leonis Boulevard
3  Los Angeles, California 90058
   Tel: 323.585.8696
4  Fax: 323.585.6195

5  *Attorneys for Plaintiff*
   SANDRA REYES and the putative class
6
   Kevin K. Eng
7  Email: keng@mzclaw.com
   Markun Zusman & Compton LLP
8  465 California Street
   Suite 500
9  San Francisco, California 94104
   Tel: 415.438.4515
10 Fax: 415.434.4505

11 Thad Alan Davis
   Email: Thad.Davis@ropesgray.com
12 Ropes & Gray LLP
   One Embarcadero Center
13 San Francisco, CA 94111-3711
   Tel: 415.315.6300
14 Fax: 415.315.6350

15 *Attorneys for Defendants*
   JINGLE NETWORKS, INC.
16 LIMBO, INC.

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                 **SAN FRANCISCO DIVISION**

20 SANDRA REYES, individually and on behalf       Case No. C 09 01208
   of a class of similarly situated individuals,
21
                         Plaintiff,             **STIPULATION TO VOLUNTARILY
22                                              DISMISS COMPLAINT WITH
   v.                                           PREJUDICE PURSUANT TO
23                                              SETTLEMENT WITH M-QUBE, INC.**
   JINGLE NETWORKS, INC., a Delaware
24 corporation, and LIMBO, INC., a Delaware     Judge:        Charles R. Breyer
   corporation,                                 Action Filed: February 11, 2009
25
                         Defendants.
26

27

28

Plaintiff SANDRA REYES ("Plaintiff" or "Reyes") and Defendants JINGLE NETWORKS, INC. ("Jingle") and LIMBO, INC. ("Limbo") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 41(a)(1), hereby stipulate and respectfully request that the Court voluntarily dismiss the Complaint against the Defendants with prejudice. The Parties shall bear their own costs except as otherwise provided herein. In support of this Stipulation, the Parties state as follows:

**WHEREAS**, on February 11, 2009, Plaintiff filed a putative class action complaint against Defendants in the Superior Court of the State of California, San Mateo County, seeking damages and injunctive relief related to allegedly unauthorized text messages sent by Defendants;

**WHEREAS**, both before and after the filing of the Complaint, Plaintiff's counsel was notified that defense counsel would seek fees and costs incurred in defending what Defendants believe are meritless claims;

**WHEREAS**, on March 19, 2009, Jingle removed the case to this Court pursuant to the Class Action Fairness Act of 2005 Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA");

**WHEREAS**, on March 20, 2009, Limbo filed a subsequent notice of removal to this Court pursuant to CAFA, which removal was assigned to Judge Phyllis J. Hamilton under Case No. C 09-1232 (PJH);

**WHEREAS**, on April 20, 2009, Plaintiff moved to remand the case back to San Mateo Superior Court and, as part of her motion, moved to relate the case before this Court;

**WHEREAS**, by Order dated April 21, 2009, the Court related the case assigned to Judge Hamilton to the instant action;

**WHEREAS**, June 11, 2009, Plaintiff withdrew her motion to remand the case back to San Mateo Superior Court;

**WHEREAS**, July 10, 2009, Defendants moved the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which remains pending before this Court;

**WHEREAS**, Defendants vigorously deny any wrongdoing in connection with the above-captioned action.

**WHEREAS**, an aggregator known as m-Qube, Inc. ("m-Qube"), a company which transmitted certain premium SMS text messages at issue in this case (i.e., those from Mobilefunster, Inc.), has entered into a nationwide class action settlement which affords Plaintiff full monetary compensation for such charges at issue in this matter and which would, upon her participation in such settlement, resolve such claims asserted in this case.[1]  (*See* "Stipulation of Class Action Settlement," a true and accurate copy of which is attached hereto as Exhibit A.) Judge Stewart L. Palmer of the Circuit Court of Cook County, Illinois, granted preliminary approval to the class action settlement on November 3, 2009 in the case entitled *Edward Parone, et al. v. m-Qube, Inc., et al.*, No. 08 CH 15834 (Circuit Court of Cook County, Illinois).  Judge Palmer has set the Final Fairness Hearing for February 24, 2010.  (See "Court Order Granting Preliminary Approval of the Class Action Settlement, a true and accurate copy of which is attached hereto as Exhibit B.)

**WHEREAS**, Plaintiff and her counsel no longer wish to pursue her claims for the remaining non-premium SMS text messages at issue in this case.

**WHEREAS**, in light of Plaintiff's participation in the m-Qube Settlement, Plaintiff seeks to voluntarily dismiss the Complaint against Defendants with prejudice and with the Parties to bear their own costs except as set forth herein;

**WHEREAS**, Plaintiff and her counsel have confirmed that she will not file suit against Defendants in this or any other forum under any legal theories related to the alleged misconduct set forth in the Complaint;

**WHEREAS**, if Plaintiff and/or her present counsel at KamberEdelson LLP or a successor firm file suit against Defendants in this or any other forum under any legal theories related to the alleged misconduct set forth in the Complaint, Defendants shall be permitted to pursue recovery of their fees and costs associated with defending this action from the Plaintiff (if she is involved in

---

[1] As of the date of this stipulation, Plaintiff has filed a claim in the m-Qube settlement and thereby participated in such settlement.

the subsequent proceedings) and/or from Plaintiffs' counsel (if they file on behalf of other putative class members);

**WHEREAS**, Fed. R. Civ. P. 41(a)(1) provides that "an action may be dismissed by the plaintiff with order of court … (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action;

**WHEREAS**, Plaintiff's counsel has conferred with counsel for the Defendants and is authorized to state that Defendants have no objection, and indeed support, the voluntary dismissal with prejudice requested herein.

**NOW, THEREFORE,** the Parties hereby stipulate and agree to the following:

1. The Complaint is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1), and Plaintiff will not assert any other causes of action against Defendants in this or any other forum stemming from the alleged misconduct set forth in the Complaint.

2. The Parties shall bear their own costs except as otherwise provided herein.

3. The Clerk of the Court is to mark this case as closed.

Dated: December 30, 2009      KAMBEREDELSON, LLP

By: _____/s/_____

Alan Himmelfarb
Attorney for Plaintiff Sandra Reyes

Dated: December 30, 2009      ROPES & GRAY, LLP

By: _____/s/_____

Thad Alan Davis
Attorney for Defendant Jingle Networks, Inc.

Dated: December 30, 2009      MARKUN ZUSMAN & COMPTON LLP

By: _____/s/_____

Kevin K. Eng
Attorney for Defendant Limbo, Inc.

1

2 **IT IS SO ORDERED.**

3

4

                                     _____

5                                    HONORABLE CHARLES R. BREYER
                                     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| EDWARD PARONE and MELISSA SODARO individually and on behalf of similarly situated, individuals, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | No. 08 CH 15834 |
| v. | ) ) ) | |
| M-QUBE, INC., a Delaware corporation NEXTEL PARTNERS OPERATING, CORPORATION, a Delaware corporation SPRINT SPECTRUM LP, a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) | Hon. Stuart E. Palmer |
| *Defendants.* | ) ) | |

## STIPULATON OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement (the "Agreement") is entered by and among Plaintiffs in this Action, for themselves individually and on behalf of the Settlement Class, and m-Qube, Inc ("m-Qube") (together, the "Parties"). (Except as otherwise specified, defined terms shall have the meanings set forth in Section II of this Agreement.) This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Settled Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## I. RECITALS

WHEREAS, on April 29, 2008, Plaintiff Mollie McDougall filed an action captioned *McDougall v. Nextel Partners Operating Corporation et al,* No. 08 CH 15834 (the "Complaint"), alleging claims for damages, injunctive, and declaratory relief against Nextel Partners Operating Corporation, Sprint Spectrum LP and Nextel West Corporation, (collectively

"Sprint") and implicating, but not naming m-Qube, arising out of the sale and billing of allegedly unauthorized Mobile Content, such as ringtones, news and information alerts, and other digital and electronic content to wireless telephone subscribers; and

WHEREAS, on April 6, 2009, Plaintiffs filed their First Amended Class Action Complaint against Sprint and m-Qube. On June 3, 2009, the Court granted Plaintiff McDougall's Motion to Voluntarily Dismiss her individual claims against both Sprint and m-Qube, with the Action to proceed on the Claims of Plaintiffs Parone and Sodaro.

WHEREAS, other putative class actions have been filed by Plaintiffs represented by Class Counsel or by other counsel against m-Qube and its parent alleging claims substantially similar to those alleged against m-Qube in the Action (the "Related Actions"); and

WHEREAS, m-Qube has denied and continues to deny all Plaintiffs' claims in the Action and the Related Actions; and

WHEREAS, Class Counsel have conducted an examination and investigation of the facts and law relating to the matters set forth in the Action and Related Actions regarding the claims and potential defenses of m-Qube; and

WHEREAS, the Parties have engaged in arms-length negotiations, including a mediation presided over by Rodney A. Max of the Upchurch Watson White & Max Mediation Group, whereby they were able to reach this Agreement; and

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims in the Action and Related Actions, and taking into account the burdens and expense of such litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel have concluded that this Agreement provides

substantial benefits to the Settlement Class and the public as a whole, and is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class; and

WHEREAS, m-Qube has similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending multiple and protracted litigations, and to resolve finally, completely and globally the pending and potential claims of Plaintiffs and the Settlement Class, and thus to resolve all of the litigation regarding the allegations of the Settlement Class in this Action and the Related Actions relating to the Settled Claims; and

WHEREAS, the Parties agree that all Persons shall have an individual right to exclude him or herself from the Settlement Class consistent with the Court's orders, such that participation in the Settlement Benefits provided by this Agreement shall be voluntary;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims against all Released Parties regarding in any manner Mobile Content associated with m-Qube shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement, as a good faith, fair, reasonable and adequate settlement.

## II.  **DEFINITIONS**

As used in this Agreement, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

"*Action*" means the case captioned *McDougall v. Nextel Partners Operating Corporation et al,* No. 08 CH 15834 as amended *Parone et al v. m-Qube Inc. et al.*

"*Agreement*" means this Stipulation of Class Action Settlement (including all exhibits hereto).

"**_Approved Claim_**" means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the provisions of the Agreement; and (b) is verified by the Settlement Class Member, physically or electronically.

"**_Claimant_**" means a Person that submits a Claim Form for a Settlement Benefit.

"**_Claim Form_**" means the document substantially in the form attached hereto as Exhibit 1, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a Settlement Benefit, shall be available in paper and electronic format. The Claim Form will require the Settlement Class Member to provide basic information, including the wireless number for which a refund of purported unauthorized Mobile Content charge(s) is requested. The Claim Form will provide Settlement Class Members the option to receive either: (1) a ten dollar ($10) cash payment upon indication that any unauthorized charge was received; or (2) up to eighty percent (80%) of all amounts claimed to be unauthorized and paid within three (3) months of an initial Mobile Content charge if the Settlement Class Member provides the total amount of the refund requested, along with the date, description of the charge and the amount of each Mobile Content charge claimed to be unauthorized. The Claim Form will not require notarization, but will require that the information supplied is true according to the Settlement Class Member's best knowledge and belief.

"**_Claims Administration Expenses_**" means the expenses incurred by the Claims Administrator in performing the services it is obligated to perform under this Agreement and the Contract it shall enter into to perform such services, including the administration of the settlement including the processing of Claim Forms submitted by Settlement Class members pursuant to this Agreement and Notice Expenses.

**STIPULATION OF CLASS ACTION SETTLEMENT**

"*Claims Administrator*" means, subject to approval by the Court, Rosenthal and Company, or such other company that will oversee the Notice Plan, the processing and payment of Settlement Class members' Claim Forms as set forth in this Agreement.

"*Claims Deadline*" means the date by which all Claims Forms must be submitted to be considered timely and shall be set by the Court, but is intended by the parties to be approximately thirty (30) days after the entry of the Judgment. The Claims Deadline shall be clearly set forth in the notice to be provided to the Settlement Class, the Claim Form, the Court's order granting Preliminary Approval of the Agreement, and the final Judgment.

"*Class Counsel*" means attorneys Jay Edelson, Myles McGuire, Ryan D. Andrews, and Rafey S. Balabanian of KamberEdelson, LLC.

"*Class Representatives*" shall mean Edward Parone and Melissa Sodaro.

"*Court*" means the Circuit Court of Cook County, Illinois, Chancery Division.

"*Defendant*" means m-Qube, as defined herein.

"*Effective Date*" means the date, if any, on which the Judgment entered pursuant to this Agreement becomes Final and not subject to appeal under the applicable law or, in the event of a timely appeal from the entry of the Judgment, the date on which such appeal is resolved affirming the Judgment in all material respects and the Judgment is not subject to further judicial review.

"*Fairness Hearing*" means the hearing before the Court where the Parties will request the Judgment be entered by the Court approving the Settlement as fair, reasonable and adequate, and ruling on the requests for Fee Award, and the incentive awards to Class Representatives.

"*Final*" means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Judgment ordering

the dismissal with prejudice of the Settled Claims and approving the Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

"*Fee Award*" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

"*Judgment*" means the Order of Final Judgment to be entered by the Court approving this Agreement, without modifications that are unacceptable to the Plaintiffs or Defendant, as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Settlement Class, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

"*m-Qube*" means m-Qube, Inc. and its respective parent, subsidiaries, predecessors, successors and other related entities including but not limited to VeriSign, Inc.

"*m-Qube's Counsel*" means James L. Cooper of Arnold & Porter, LLP and Bart Murphy of Ice Miller, LLP.

"*Mobile Content*" refers to all premium mobile content goods and services, such as ringtones, that appear as separate line-item charges on the wireless bill of a Wireless Subscriber.

STIPULATION OF CLASS ACTION SETTLEMENT

"*Mobile Content Providers*" means Persons who advertise, offer, distribute and/or sell Mobile Content, including Mobile Content subscriptions to Wireless Subscribers and who use the aggregation and other services provided by m-Qube.

"*Nationwide*" means the United States of America and its territories.

"*Notice Date*" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class.

"*Notice Expenses*" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, internet hosting and publishing the Settlement Class Notice of the proposed settlement to the Settlement Class, identifying and notifying members of the Settlement Class and informing them of the proposed settlement and (ii) any other necessary notice and notice-related expenses. All Notice Expenses are to be paid from the Settlement Fund.

"*Notice of Intention to Appear and Object*" is the written communication that may be filed with the Court by a Settlement Class Member in order to object to the approval of this Agreement. A copy of such Notice of Intention to Appear and Object must also be sent to the Claims Administrator at the time of filing. The deadline for filing a Notice of Intention to Appear and Object will be clearly set forth in the Settlement Class Notice and shall be no later than fourteen (14) days before the Fairness Hearing.

"*Notice Plan*" means the proposed plan of disseminating notice to members of the Settlement Class of the terms of this Agreement and the Fairness Hearing.

"*Opt-Out Period*" means the period to be set by the Court in this Action for a Settlement Class Member to file a Request For Exclusion. The deadline for filing a Request For Exclusion

will be clearly set forth in the Settlement Class Notice and shall be no later than fourteen (14) days before the Fairness Hearing.

"*Person*" means any individual, corporation, trust, partnership, Limited Liability Company or other legal entity and their respective predecessors, successors or assigns.

"*Plaintiffs*" means Edward Parone, Melissa Sodaro, and the Settlement Class.

"*Preliminary Approval*" means the Court's certification of the Settlement Class, preliminary approval of this Agreement, as well as approval of the form and methods of dissemination of the Settlement Class Notice, the Notice Plan, and the Claim Form.

"*Related Actions*" means, but is not limited to, the following pending actions:  (a) *Borg v. Glipsa* (San Francisco County Superior Court, California, Case No. CGC-09-485043*);* (b) *Coren v. Mobile Entertainment* (United States District Court for the Northern District of California, Case No 5:08-CV-05264); (c) *Fiddler v. AT&T Mobility* (Cook County Circuit Court, Illinois, Case No. 07-CH-37212); (d) *Jiran v. m-Qube* (United States District Court for the Northern District of California, Case No. 07-CH-37212); (e) *Knox v. m-Qube* (United States District Court for the District of Massachusetts, Case No. 07-CA-10124); (f) *Koras v. Verizon* (Hennepin County District Court, Minnesota); (g) *Fregia v. Logia Group* (Santa Clara County Superior Court, California, Case No.1-09-CV-138777); (h) *Pishvaee v. m-Qube* (United States District Court for the Northern District of California, Case No. 5:07-CV-03407); (i) *Reed v. Nextel* (Los Angeles County Superior Court, California, NO BC 387730); (j) *Shivers v. Virgin Mobile* (Santa Clara County Superior Court, California, Case No 1:08 CV 121507); (k) *Steffan v. VeriSign* (United States District Court for the Southern District of California, Case No. 3:08-CV-00579); (l) *Valdez v. m-Qube* (United States District Court for the Northern District of California, Case No. 4:07-CV-06496); (m) *Amezcua v. Cellco Partnership* (United States District

STIPULATION OF CLASS ACTION SETTLEMENT

Court for the Northern District of California, Case No. 5:08-CV-04290), (n) *Barlow v. Boost Mobile* (Orange County Superior Court, California, Case No. 30-2008-98689); (o) *Cioe v. Sprint Nextel* (United States District Court for the District of Kansas, Case No. 08-4103-JAR); (p) *Palluzi v. Cellco Partnership* (Cook County Circuit Court, Illinois, Case No. 07-CH-37213); (q) *Panter v. Alltel* (United States District Court for the Northern District of Illinois, Case No. 1:08-CV-02097); (r) *Peetz v. Sprint Nextel* (United States District Court, for the District of Kansas, Case No. 5:08-CV-04061); (s) *Sims v. Verizon Wireless* (United States District Court for the Northern District of California, Case No 07-1510); (t) *Smith v. Alltel* (United States District Court for the Western District of Arkansas, Case No. 08-6058); (u) *Klein v. Sprint* (United States District Court for the Southern District of New York, Case No. 1:08-CV-06559); (v) *White v. mBlox, Inc. et al.* (United States District Court for the Western District of Wisconsin, Case No. 08-cv-683); (w) *Zijdel v. Thumbplay* (United States District Court for the Northern District of California, Case No. C-09-03252-RS); (x) *Orban v. Opera Telecom* (Santa Clara County Superior Court, California, Case No. 1-09-CV-139253); (y) *Olson v. m-Qube* (United States District Court for the District of Minnesota, Case No. 08-CV-5769); (z) *Bates v. QMobile* (Santa Clara County Superior Court, California, Case No. 1-09-CV-148379) and (aa) Costello v. Zero9, Inc. (Santa Clara County Superior Court, California, Case No. 1-09-CV-139534).

"*Released Party*" means m-Qube and the Wireless Carriers, including their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing. This definition specifically excludes any Mobile Content Provider or third-party marketer of Mobile Content, other than m-Qube and the Wireless Carriers.

"*Releasing Party*" means Plaintiffs and any Person claiming by or through Plaintiffs as his/her/its spouse, parent, child, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

"*Remaining Funds*" means the amount of the Settlement Fund remaining after the payment of all Approved Claims, Claims Administration Expenses, incentive awards to Class Representatives, and the Fee Award.

"*Request For Exclusion*" is the written communication by or on behalf of a Settlement Class member who wishes to be excluded from the Settlement Class.  To be valid, any Request for Exclusion must be postmarked or received by the Claims Administrator on or before the end of the Opt Out Period.

"*Settlement Benefit*" means the benefits a Settlement Class member may receive pursuant to this Agreement.

"*Settled Claim*" means any claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims, (including "Unknown Claims" as defined below), asserted or unasserted, latent or patent, that is, has been, could have been or in the future might be asserted by the Releasing Party either in the Action, Related Actions, or in any other action or proceeding in this Court, or any other court, tribunal or forum, regardless of legal theory, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or in any manner relating to a charge to any Wireless Subscriber for Mobile Content processed by m-Qube including all claims that were brought or could have been brought in the Action and/or the Related Actions relating to any allegation or contention

STIPULATION OF CLASS ACTION SETTLEMENT

that such charge was unauthorized.  Provided however, that the settled claims shall exclude (1) any deceptive marketing claims encompassed within the *In re Jamster* MDL No. 1751, 05 CV 0819 JM (CAB), meaning specifically those claims alleging that "(i) VeriSign and Jamster defendants have falsely represented to consumers that mobile customers can get a free ring tone or other phone service by sending a message to Jamster or by registering on the internet; and (ii) instead of receiving the free content, those customers then received repeated text messages from defendants for which they were charged by defendants"; and (2) any claims relating to Mobile Content delivered to customers of AT&T Mobility or its predecessors;

"*Settlement Class*" means all current and former Wireless Subscribers in the United States and its territories who, at any time from the date m-Qube started doing business until the Notice Date, were billed for Mobile Content associated with m-Qube that was not authorized. Excluded from the Settlement Class are the following: the Defendant, Wireless Carriers, the Claims Administrator, and any respective parent, subsidiary, affiliate or control person of the Defendant, as well as the officers, directors, agents, servants, or employees of the Defendant, any judge presiding over this case or over any of the actions which comprise the Action and/or the Related Actions, and the immediate family members of any such Person(s).

"*Settlement Class Member*" or "*Class Member*" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid Request for Exclusion.

"*Settlement Class Notice*" means the form of Court-approved notice (or notices) of this Agreement that is directed to the Settlement Class.  The Parties have proposed that the Court approve the notices substantially in the form attached to this Agreement as Exhibits 2-4.

"*Settlement Fund*" means the fund from which m-Qube shall pay all Approved Claims, Claims Administration Expenses, incentive awards to Class Representatives, and the Fee Award. The amount of the Settlement Fund is twelve million two hundred fifty four thousand dollars ($12,254,000.00). The Settlement Fund represents the limit and extent of m-Qube's monetary obligations to the Settlement Class under this Agreement, other than those separately specified herein. All Remaining Funds are the property of m-Qube.

"*Special Master*" means an independent person to be agreed upon by the Parties to evaluate those Claim Forms the acceptance or rejection of which has been challenged by m-Qube or Class Counsel.

"*Unknown Claims*" means claims that could have been raised in this litigation and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of

**STIPULATION OF CLASS ACTION SETTLEMENT**

common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

*"Wireless Carriers"* means any entity that offers transmission services to users of wireless devices (handheld computers and telephones) through radio frequency signals rather than through end-to-end wire communication, including but not limited to Verizon Wireless, T-Mobile, Inc., Sprint Nextel Corp, Virgin Mobile, and Alltel Wireless.

*"Wireless Subscriber"* means any Person who entered into a service agreement with any of the Wireless Carriers or otherwise paid for the wireless service from such Wireless Carriers.

### III.    FOR SETTLEMENT PURPOSES ONLY

**A.**    This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and neither the fact of any provision contained in this Agreement, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiffs in this Action, the Related Actions or in any other pending or future action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of m-Qube or any Wireless Carrier or admission by m-Qube or any Wireless Carrier of any claim or allegation made in this Action or in any other pending or future action, nor as an admission by Plaintiffs, Settlement Class Members or Class Counsel of the validity of any fact or defense

asserted against them in this Action, and/or the Related Actions, or in any other pending or future action.

## IV.    REQUIRED EVENTS AND COOPERATION BY THE PARTIES

### A.    Preliminary and Final Approval

1.    Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court to enter a Preliminary Approval Order, which by its terms shall:

a.    Appoint Class Counsel;

b.    Certify the Settlement Class under Section 2-801 of the Illinois Code of Civil Procedure for settlement purposes only and without prejudice to m-Qube's right to contest class certification if the Agreement is not approved; and

c.    Preliminarily approve this Agreement for purposes of issuing notice to the Settlement Class;

d.    Approve the form and contents of the Settlement Class Notice and the method of its dissemination to members of the Settlement Class;

e.    Provide for appropriate confirmatory discovery; and

f.    Schedule the Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for fees and expenses, and dismissing the Action with prejudice.

2.    Class Counsel shall file a motion for final approval of the Settlement, noticed for hearing on or after the date selected by the Court for the Fairness Hearing, and

request the Court to enter a final approval. This Agreement is expressly contingent upon the entry of said order, that by its terms shall:

a. Enter the Judgment contemplated by this Agreement finding that each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Settled Claims;

b. Direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions;

c. Find that the Settlement Class Notice and the notice methodology implemented pursuant to the Agreement Constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Illinois Rules of Civil Procedure, the Due Process, and the rules of the Court;

d. Find that Class Counsel and the Class Representatives adequately represented the Class for purposes of entering into and implementing the settlement;

e. Set the Fee Award to Class Counsel and incentive award to the Class Representatives; and

f. Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**B.  Cooperation**

The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**C.  Certification of Settlement Class**

For settlement purposes only, m-Qube and the Class Representatives stipulate to the certification of the Settlement Class, which Agreement is contingent upon the occurrence of the Effective Date. This Agreement is expressly contingent upon the Court certifying the Settlement Class or some other class agreeable to both Parties in which case such class will be identified as the Settlement Class. Should the Effective Date not occur, this Agreement may not be used by the Parties for any purpose related to class certification in this Action or any other action, including the Related Actions.

## V.     SETTLEMENT BENEFITS

### A.     Service Improvements and Assurances

m-Qube, Inc. has agreed that it shall, as soon as practicable but in no event later than a date forty-five (45) days after the Effective Date, institute the following:

1.     m-Qube, Inc. agrees to continue any beneficial consumer protection policies presently in place and to continue and where appropriate enhance m-Qube's refund policy, which includes where appropriate informing Wireless Subscribers who contact m-Qube of their option to have m-Qube unsubscribe them from Mobile Content and providing contact information for the originating Mobile Content Provider.

2.     m-Qube, Inc. agrees to comply with the Consumer Best Practices Guidelines promulgated by the Mobile Marketing Association ("MMA"), in effect as of the Effective Date of this Agreement and as amended from time to time. (*See, e.g.,* MMA's Consumer Best Practices Guidelines, Version 4.0, available at www.mmaglobal.com/bestpractices.pdf, last updated July 1, 2009).

**B.      Refund Benefit**

Each Settlement Class Member who timely submits a signed and fully completed Claim Form shall have the option to choose between a Cash Award for Mobile Content Subscriptions / Recurring Charges or a Set Cash Award.  Any Claim Form seeking both a Cash Award for Mobile Content Subscriptions / Recurring Charges and a Set Cash Award shall be deemed as a request for a Set Cash Award.  Each Settlement Class Member may only submit one Claim Form.

1.      *Cash Award for Mobile Content Subscriptions / Recurring Charges.* Each Settlement Class Member who elects to receive a Cash Award for Mobile Content Subscriptions / Recurring Charges and timely submits a fully completed and signed Claim Form including the total amount of the refund requested, along with the date, description of the charge and the amount of each Mobile Content charge claimed to be unauthorized will be deemed to have an Approved Claim and shall, upon submission, be entitled to an eighty percent (80%) refund of the amounts requested, subject to the limitations in this Agreement.

2.      *Set Cash Award.* Each Settlement Class Member that elects to receive a Set Cash Award (rather than a Cash Award for Mobile Content Subscriptions / Recurring Charges as set forth above) and who timely submits a signed and fully-completed Claim Form and indicates that an unauthorized charge was paid has an Approved Claim and shall, upon submission, be entitled to a ten (10) dollar cash payment, subject to the limitations in this Agreement.

3.      *Pro Rata Share Award.*  If the total amount of Approved Claims would exceed the amount in the Settlement Fund after payment of Claims Administration Expenses, the Fee Award, *cy pres* payment, Wireless Carrier refunds offset, and incentive awards, then each

Settlement Class Member with an Approved Claim shall receive a *pro rata* share (to be calculated based on the amount of each claim) of the amount of the Settlement Fund available after payment of such amounts.

        4.    ***Cy Pres Payment.*** All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days of the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days of the date of issuance, such funds shall be directed to an appropriate *cy pres* recipient, as agreed upon by the Parties and approved by the Court.

## VI.    CLAIMS PROCESS & SETTLEMENT ADMINISTRATION

### A.    Claims Administrator's Duties

        1.    ***Cost Effective Claims Processing.*** The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner.

        2.    ***Maintenance of Records.*** The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Claims Administrator shall maintain all such records as required by applicable law in accordance with their business practices and such records will be made available to Class Counsel and m-Qube's Counsel upon request.  The Claims Administrator shall also provide reports and other information to the Court as the Court may require.  The Claims Administrator shall provide Class Counsel and m-Qube's Counsel with information concerning notice, administration and implementation of the Settlement.  On the Court's request, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims

Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

a. Receive exclusion forms and other requests from Class Members to exclude themselves from the Agreement and provide to Class Counsel and m-Qube's Counsel a copy thereof within three (3) days of the deadline for submission of such forms and requests. If the Claims Administrator receives any exclusion forms or other requests from Class Members after the deadline for the submission of such forms and requests, the Claims Administrator shall promptly provide copies thereof to Class Counsel and m-Qube's Counsel.

b. Provide weekly or other periodic reports to Class Counsel and m-Qube's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Claims Administrator.

c. Make available for inspection by Class Counsel or m-Qube's Counsel the Claim Forms and any supporting documentation received by the Claims Administrator at any time upon reasonable notice.

3. *Review of Claim Forms.* The Claims Administrator may reject a Claim Form where there is evidence of abuse or fraud. Both m-Qube's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and, to the extent m-Qube's Counsel and Class Counsel are not able to agree on the disposition of such challenges, they shall be timely decided by the Special Master. The Parties agree that the Claims Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.

STIPULATION OF CLASS ACTION SETTLEMENT

4. **_Requests for Additional Information._** In the exercise of their duties outlined in this Agreement, both the Claims Administrator and the Special Master shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5. **_Deposit of Settlement Fund._** The Claims Administrator will place all monies received by it under the terms of this Agreement other than payments to it for services rendered or expenses into a separate interest bearing trust account or other escrow account at an institution to be approved by Class Counsel and m-Qube's Counsel until such funds are disbursed. All interest and other earnings received shall accrue to the benefit of said account. Once m-Qube makes payment of the Settlement Benefits to the Claims Administrator, the Settlement Class agrees that m-Qube has fully satisfied its payment obligation to the Settlement Class with respect to payment of the Settlement Fund.

6. **_Payment of Settlement Benefits._** No earlier than five (5) days after the Effective Date and no later than sixty (60) days after the Effective Date, or such other date as the Court may set, the Claims Administrator shall pay from the Settlement Fund all Approved Claims by check and mail them to the Claimants via first-class mail.

**B.    Written and Electronic Claims Submission**

1. **_Creation of Settlement Website._** Settlement Class Members may submit a Claim Form on-line through a settlement website to be created by the Claims Administrator. The Claims Administrator shall cause a website to be created containing claims information and relevant documents. The Parties shall agree on all information and documents to be posted on this website.

2. ***On-line and Paper Claim Form Submission.*** The claims process shall be conducted primarily online through the settlement website administrated by the Claims Administrator. If a Claim Form is submitted electronically, it must be submitted on-line prior to the Claim Deadline. Any Class Member unable to complete an online Claim Form may call a toll free number, or write to Claims Administrator, provide their name and address, and receive a paper Claim Form. Any mailed notice will include a paper Claim Form. Paper Claim Forms must be mailed to the Claims Administrator and must be postmarked on or before the Claims Deadline. The Claims Administrator shall reject any Claim Forms that are not timely in accordance with the above; provided, however, that nothing in this provision shall be construed to prevent the Claims Administrator, in its discretion, from permitting a Settlement Class Member to remedy informational deficiencies in such Settlement Class Member's Claim Form if otherwise timely.

3. ***Wireless Carrier Refund Requests.*** The Settlement Class Notice shall inform members of the Settlement Class that they may have a right to contact their respective Wireless Carriers to request a refund of unauthorized charges for Mobile Content associated with m-Qube.

**C. Settlement Payments**

1. Within fifteen (15) business days of the date the Court grants Preliminary Approval Order as contemplated by this Agreement, or before at m-Qube's discretion, m-Qube shall advance a necessary monetary sum to the Claims Administrator for the purposes of covering the costs of issuing the Settlement Class Notice and other Claims Administration Expenses. Upon making this initial advance to the Claims Administrator, m-Qube shall be entitled to a credit towards payment of the Settlement Fund in the amount of said payment.

STIPULATION OF CLASS ACTION SETTLEMENT

2.     On or before the Effective Date, m-Qube shall be solely responsible for ensuring the Claims Administrator at all times has adequate funds to pay Approved Claims from the Settlement Fund.

3.     Settlement Class Members shall have until the Claims Deadline to submit a Claim Form for an Approved Claim for payment from the Settlement Fund.  Any Claim Form that is not submitted to the Claims Administrator on or before the Claims Deadline shall be deemed an invalid claim.

4.     m-Qube shall be permitted to apply against the Settlement Fund the lesser of sixty percent (60%) of all refunds given outside of the Claim Form process detailed herein (i.e. refunds given through the Wireless Carriers) from the date of the Settlement Class Notice until the Claims Deadline; however in no event shall such an amount exceed sixty percent (60%) of the Settlement Fund.

5.     The Remaining Funds are the property of m-Qube.  In no event will the Remaining Funds constitute abandoned or unclaimed property and m-Qube is entitled to all such Remaining Funds.  The Claims Administrator shall return any unused funds to m-Qube within ten (10) days after payments to the Settlement Class and the *cy pres* recipient have been distributed.

## VII.     NOTICE TO THE CLASS

**A.**     Upon Preliminary Approval of this Agreement (and as the Court may direct), the Parties (or their designee) shall cause the Settlement Class Notice describing the Fairness Hearing and the terms of the settlement embodied herein to be disseminated to the Settlement Class.  Such notice shall comport with due process and be effectuated pursuant to a Notice Plan.

**B.**     The Notice Plan shall include:

**STIPULATION OF CLASS ACTION SETTLEMENT**

1.  ***Direct Notice***.  Within ten (10) days of Preliminary Approval, m-Qube shall provide the Claims Administrator with the electronic or U.S. Mail address for any potential members of the Settlement Class, including any Person who has contacted m-Qube about Mobile Content, as contained in its active records and/or active databases.  Within thirty-five (35) days of the receipt of such addresses, notice substantially in the form attached as Exhibit 2 and an accompanying Claim Form or electronic link to said Claim Form will be sent by the Claims Administrator to such potential Settlement Class Members by either email or First Class U.S. Mail according to the corresponding medium by which such Person(s) contacted m-Qube.

2.  ***Publication Notice.***  Publication Notice shall be made by the Claims Administrator by purchasing a one-day 1/8th page ad space in the Miami Herald, the New York Daily News, the Los Angeles Times, the Chicago Sun Times, the Philadelphia Inquirer, the Dallas Morning News, the Houston Chronicle, the Fort Worth Star Telegram, the Washington Post, the Atlanta Journal-Constitution, the Boston Globe, USA TODAY, and a 1/4 page ad in Rolling Stone Magazine, to be published within forty five (45) days after receipt of Preliminary Approval by the Court of this Agreement.  The text of such notice is provided in Exhibit 2, but may be modified as appropriate to fit space limitations as provided in Exhibit 3.

3.  ***Press release***.  Upon Preliminary Approval of the Agreement, Class Counsel may prepare and distribute a press release to local, national, and syndicated news organizations discussing the Agreement.  The press release shall be subject to the approval of m-Qube's Counsel, such approval not to be unreasonably withheld.

4.  ***Internet Publication Notice***.  Immediately following Preliminary Approval of the Settlement, notice shall be provided on the settlement website, at a domain name

to be mutually agreeable to the Parties, to be administered by the Claims Administrator substantially in the form attached as Exhibit 4.

     5.    ***Targeted Internet Advertising.***  The Claims Administrator shall expend an amount not to exceed twenty-five thousand dollars ($25,000) on promoting the website notice through a targeted on-line campaign designed to reach as many members of the Settlement Class as possible.

     **C.**    The Settlement Class Notice shall advise the Settlement Class of their rights, including the right to opt-out and/or comment or object upon the Agreement or its terms. The Settlement Class Notice shall provide that any objection to this Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Fairness Hearing, only if, on or before a date approved by the Court and to be specified in the Settlement Class Notice, the Person making an objection shall file notice of his or her intentions to do so and shall file copies of such papers he or she proposes to submit at the Fairness Hearing with the Clerk of the Court and mail, hand or overnight delivery service, to both Class Counsel and m-Qube's Counsel on or before the date specified in the Settlement Class Notice.

## VIII.  <u>OPT-OUT AND OBJECTIONS</u>

     **A.**    Any Person may opt out of the Settlement Class at any time during the Opt-Out Period, as will be outlined in the Court-approved Settlement Class Notice. Opt-outs must be post-marked by a date approved by the Court and specified in the Settlement Class Notice. In order to exercise the right to opt out, the Person seeking to opt-out must complete and return a Request For Exclusion to the Claims Administrator during the Opt-Out Period. Except for those Persons who have properly opted out, all Settlement Class Members will be bound by this Agreement and the Judgment to be entered following final approval of this Agreement. Any

Person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Action; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The Request For Exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

      **B.**      Any Settlement Class Member who intends to object to this Agreement must include his/her name and address, include all arguments, citations, and evidence supporting the objection and supporting that they are a member of the Settlement Class, and provide a statement as to whether the objector intends to appear at the Fairness Hearing, either with or without counsel. Objections must be post-marked by a date approved by the Court and specified in the Settlement Class Notice. Any Settlement Class Member who fails to timely file a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this paragraph or as detailed in the Settlement Class Notice, shall not be permitted to object to this Agreement at the Fairness Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means.

## IX.    TERMINATION OF AGREEMENT

      **A.**      The Named Representative in this Action, on behalf of the Settlement Class Members, or m-Qube, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days, whichever is later, of: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the final Judgment in this Action in any material respect; (iv) the date upon which the final Judgment is modified or

reversed in any material respect by any appellate court; or (v) the date upon which an alternative form Judgment is modified or reversed in any material respect by any appellate court.

**B.**     m-Qube shall have the right, at its sole discretion, to terminate this Agreement by providing written notice of its election to do so to all other Parties hereto by the Claims Deadline in the event that more than three hundred (300) Persons opt out of the Settlement Class pursuant to Section VIII of this Agreement.

## X.     EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

**A.**     This Agreement shall be the sole and exclusive remedy of Settlement Class Members against any Released Party relating to any and all Settled Claims.  No Released Party shall be subject to liability or expense of any kind to any Settlement Class Member who has not timely filed a valid Request For Exclusion with respect to any Settled Claim.  Upon the occurrence of the Effective Date, each and every Settlement Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Settled Claim(s) against any Released Party in any court, tribunal, forum or proceeding.

**B.**     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, the Parties, Settlement Class Members, and the Claims Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement.

## XI.    <u>RELEASES</u>

**A.**     Upon the occurrence of the Effective Date, each Settlement Class Member shall be deemed to have and hereby does release and forever discharge each Released Party from liability for any and all Settled Claims.

## XII. CLASS COUNSEL FEES, PLAINTIFF'S INCENTIVE AWARD, AND COSTS

**A.     The Fee Award.**  m-Qube has agreed to pay Class Counsel, subject to Court approval, an amount up to two million four hundred thousand dollars ($2,400,000.00) in attorneys' fees and for reimbursement of expenses.  m-Qube agrees that the Fee Award is fair and reasonable and will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the Fee Award.  Class Counsel has, in turn, agreed not to seek more than the Fee Award from the Court.

**B.     Payment of the Fee Award.**  Notwithstanding any appeal, objection, or challenge to the Court's final approval of this Agreement, including the Fee Award, provided Class Counsel provides adequate security in a form acceptable to m-Qube for the recovery of amounts paid in the event of reversal on appeal of the final approval of this Agreement, m-Qube shall pay (by wire) to Class Counsel the Fee Award approved by the Court within thirty (30) days after entry of the Judgment or other order approving such award of fees or reimbursement of expenses.

**C.     Incentive Award:**  In addition to any Settlement Benefit under the Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Class Representatives and certain named Plaintiffs in the Related Actions shall, subject to Court approval, share in an award of twenty thousand dollars ($20,000.00) as appropriate compensation for their time and efforts serving the Class in Action and the Related Actions.  The Claims Administrator shall pay such amount to Class Counsel within ten (10) days after the Claims Deadline and Class Counsel shall distribute it to the Class Representatives and the named plaintiffs in the Related Actions according to the terms herein.

## XIII.  **JUDGMENT ORDER**

**A.**      This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which grants final approval of this Agreement in accordance with applicable jurisprudence, and providing the relief specified below, which relief shall be subject to the terms and conditions of this Agreement, the occurrence of the Effective Date and the Parties' performance of their continuing rights and obligations hereunder.  Such Judgment shall:

1.      Dismiss all complaints in the Action as with prejudice and without costs;

2.      Decree that neither the Judgment nor this Agreement constitute an admission by m-Qube of any liability or wrongdoing whatsoever;

3.      Bar and enjoin all Settlement Class Members from asserting against any Released Party any and all Settled Claims which the Settlement Class Member had, has, or may have in the future;

4.      Release each Released Party from the Settled Claims, which any Settlement Class Members have, had, or may have in the future, against such Released Party;

5.      Determine that this Agreement is entered into in good faith, is reasonable, fair and adequate, in the best interest of the Settlement Class; and

6.      Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including m-Qube and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

## XIV.  **REPRESENTATIONS AND WARRANTIES**

m-Qube represents and warrants (i) that it has all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions

contemplated hereby; (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of m-Qube; and (iii) that this Agreement has been duly and validly executed and delivered by m-Qube and constitutes its legal, valid and binding obligation.

## XV.   MISCELLANEOUS PROVISIONS

### A.   Entire Agreement

This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.  The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of m-Qube's Counsel and Class Counsel prior to dissemination to the Settlement Class.

### B.   Assignment

Upon the Effective Date, this Agreement shall be freely assignable by m-Qube or VeriSign to any successor or purchaser of m-Qube's business upon written notice to Class Counsel.

### C.   Governing Law

This Agreement shall be construed under and governed by the laws of the State of Illinois, applied without regard to laws applicable to choice of law.

**D.**  **Execution by Counterparts**

This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent by e-mail shall be treated as original signatures and shall be binding.

**E.**  **Confirmatory Discovery**

In addition to the discovery received and investigation conducted by Class Counsel, m-Qube shall provide to Class Counsel mutually agreeable additional discovery and information as necessary to confirm the material representations made by m-Qube that form the basis of this Agreement.  Should the occasion arise, the Parties shall cooperate in seeking any third-party discovery as may be necessary and appropriate, and said additional discovery is to be completed prior to the Fairness Hearing.

**F.**  **Notices**

Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to m-Qube to the attention of m-Qube's Counsel or respective representatives and to Class Counsel on behalf of the Settlement Class, or to other recipients as the Court may specify.

All notices to the Parties or counsel required by this Agreement, except opt outs and objections, shall be made in writing and communicated by fax and mail to the following addresses:

STIPULATION OF CLASS ACTION SETTLEMENT

If to Plaintiff or Plaintiff's Counsel or Class Counsel:

    Jay Edelson, Esq.
    KamberEdelson, LLC
    350 North LaSalle, Ste 1300
    Chicago, IL 60654

If to m-Qube or m-Qube's Counsel:

    James L. Cooper
    Arnold & Porter
    555 Twelfth Street
    Washington, DC 20004-1206

**G.    Dismissal**

Plaintiffs or Class Counsel in the Related Actions shall, upon the occurrence of the Effective Date obtain dismissal of all portions of their respective class action complaints pertaining to Settled Claims against any Released Party. Pending the occurrence of the Effective Dates, Plaintiffs or Class Counsel in the Related Actions shall seek a stay of such actions in order for the Effective Date to occur.

**H.    Miscellaneous Provisions**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of all parties to this Agreement.

Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. Accordingly, the rule of construction that any ambiguities are to be construed against the drafter shall have no application.

STIPULATION OF CLASS ACTION SETTLEMENT

The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

## XVI.   AUTHORITY TO SIGN

Any individual signing this Agreement on behalf of any Person represents and warrants that     he     or     she     has     full     authority     to     do     so.

**STIPULATION OF CLASS ACTION SETTLEMENT**

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed

on its behalf by its duly authorized counsel of record, all as of the day set forth below.

**AGREED:**

**PLAINTIFF by their attorneys:**

**CLASS COUNSEL**

Dated: October 28, 2009

KAMBEREDELSON, LLC

Myles McGuire
KamberEdelson LLC
350 North LaSalle Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile: 312.913.9401
mmcguire@kamberedelson.com

*On Behalf of Plaintiffs and the Class*

**VeriSign, Inc. and m-Qube, Inc.:**

Dated: October 27, 2009

VeriSign, Inc. and m-Qube, Inc

Richard H. Goshorn
Senior Vice President, General Counsel, and
Secretary
VeriSign, Inc.
21355 Ridgetop Circle
Dulles, VA 20166

STIPULATION OF CLASS ACTION SETTLEMENT

# Exhibit 1

# M-QUBE SETTLEMENT CLAIM FORM

Return this Claim Form to: Claims Administrator, [address]. Questions, visit www.[website].com or call [toll free number]

### DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED BY [date]

**Instructions:** Each person who wants to receive a cash benefit under the Settlement Agreement must complete either a paper or electronic claim form. Everyone must provide the information requested in the "Claimant Information" section. Each person will then be required to choose between submitting a claim under Option #1 for a set cash award, or a claim under Option #2 for Cash Award for Mobile Content Subscriptions / Recurring Charges. *You can only submit a claim under one option, not both.* Charges paid to AT&T Mobility and Cingular are not eligible for this settlement. For further information on each of these options and which one is best for you, please visit www.[website].com or call [toll free number].

---

## CLAIMANT INFORMATION*

**Name:** _____ _____ _____
(First)                (Middle)              (Last)

**Address:** _____
(Street)

_____ _____ _____
(City)                                      (State)        (Zip Code)

**Cell Phone Number(s): (** ___ ___ ___ **)** ___ ___ ___ – ___ ___ ___ ___
**(add additional numbers here):**
(This must be the number or numbers that are billed in your name and received the unauthorized charges)

**Cellular Carrier (for example, Verizon Wireless, Sprint, etc.):**

**Contact Phone Number: (** ___ ___ ___**)** ___ ___ ___ – ___ ___ ___ ___
(Please provide a phone number where you can be reached if further information is required)

*All information in this section is required. Please then complete **either** Option #1 or Option #2 below.

---

## Option #1 – Claim for Set Cash Award

By submitting a claim form under Option #1 and checking the boxes below, I verify that I believe I am a member of the Settlement Class and that the following statements are true:
☐ That prior to [notice date], I received and paid for an unauthorized charge on my wireless bill for the cell phone number provided above.
☐ That the unauthorized charge was associated with m-Qube, Inc. (Visit www.[website].com for information on how to determine if the charge was associated with m-Qube.)
☐ That I have not received any prior refund for this unauthorized charge from any source.
☐ That I have not participated in any other settlement or released any claim for unauthorized charges associated with m-Qube.

By signing below, I acknowledge and understand that this form is an official document sanctioned by the Court that presides over this settlement. I declare under penalty of perjury that all of the information provided in this form is true and correct to the best of my knowledge, information, and belief.

Signature: _____    Date: _____

Print Name: _____    If approved, your Claim under Option # 1 entitles you to $10 or a *pro rata* share of the settlement if the total claims, refunds, expenses, and the fee award exceed $12.254 million.

_If you completed Option #1, do not complete Option #2._

### Option #2 – *Cash Award for Mobile Content Subscriptions / Recurring Charges*

By submitting a claim form under Option #2 and in checking the boxes and providing the information below, I verify that I believe I am a member of the Settlement Class and that the following statements and information listed are true (check each box that applies):

☐ That prior to [notice date], I received and paid for unauthorized charges listed below on my wireless bill for the cell phone number provided above.

☐ That the unauthorized charges were associated with m-Qube, Inc. (Visit www.[website].com for information on how to determine if the charge was associated with m-Qube.)

☐ That I have not received any prior refund for these unauthorized charges from any source.

☐ That I have not participated in any other settlement or released any claim for unauthorized charges associated with m-Qube.

In the space below, list the following information for each of the mobile content charges that you incurred between before [date of notice] that you assert were not authorized. This information will be reviewed for adequacy by the Claims Administrator.

| | Date of Charge | Description of Charge | Merchant Name | Charge Amount |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| | | | Total Amount Claimed: | |

By signing below, I acknowledge and understand that this form is an official document sanctioned by the Court that presides over this settlement. I declare under penalty of perjury that all of the information provided in this form is true and correct to the best of my knowledge, information and belief.

Signature: _____     Date: _____

Print Name: _____

If approved, your Claim under Option # 2 entitles you to an 80% refund of the amount claimed above, or a *pro rata* share of the settlement if the total claims, refunds, expenses, and the fee award exceed $12.254 million.

Questions?  Visit www.[website].com or Call [toll free number]

# Exhibit 2

**IF YOU WERE BILLED FOR MOBILE CONTENT ASSOCIATED WITH M-QUBE, INC. ON YOUR WIRELESS ACCOUNT AT ANY TIME PRIOR TO [NOTICE DATE] YOU MAY BE ENTITLED TO A REFUND FROM A CLASS ACTION SETTLEMENT**

*Visit www.[website].com for more information*

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A Settlement has been proposed in a class action lawsuit related to m-Qube's billing of mobile content such as ringtones and news alerts ("Mobile Content") to wireless telephone subscribers.

The settlement will provide up to $12.254 million to pay the claims of class members who qualify, as well as costs and attorneys' fees. If you qualify, you may send in a claim form to get either $10 refund or an 80% refund for up to three months of recurring or subscription charges. You can also exclude yourself from the settlement or object to it. Visit www.[website].com to read the full agreement and make a claim.

### What is Mobile Content and Who is m-Qube, Inc.?
Mobile Content is a product (such as ringtones, games, graphics and news or other alerts) that may be purchased and sent to your mobile phone. It is not standard-rate text messages. m-Qube is an "aggregator" of Mobile Content, which means that it acts as a middleman between numerous merchants that sell Mobile Content and the wireless carriers who provide you with your wireless service.

### How Do I Know if I am a Class Member?
You may be a class member and could get a benefit if you are a wireless subscriber who has received service from any carrier other than AT&T Mobility in the United States who, at any time prior to [Notice Date], was billed and paid for Mobile Content associated with m-Qube that was not authorized. Mobile Content charges associated with m-Qube may appear on your wireless bill as being from m-Qube or may be identified by a list of billing codes available at www.[website].com.

### What is the Case About?
Plaintiffs claim that m-Qube, along with others, charged wireless subscribers for Mobile Content that was not authorized. m-Qube denies these claims. The court did not decide which side was right. The parties are both settling the lawsuit to avoid the burden, costs, risk and uncertainty of continuing the case.

### What are the Terms of the Settlement?
m-Qube is making available $12.254 million to pay the claims of class members who qualify, as well as costs and attorneys' fees. People who file valid claims will have an option to select either a $10 cash payment or an 80% refund for up to three months of recurring or subscription charges. If the claims, costs, and attorney's fees exceed the fund amount, each class member will receive a *pro rata* share of the remainder of the fund. No claims will be paid until the settlement is final. Please be patient. m-Qube has also agreed to continue to improve its consumer protection practices, including adherence to industry best practices guidelines. The Stipulation of Class Action Settlement, available at www.[website].com, describes all of the details about the proposed settlement.

### How Do I Ask for A Payment?
To receive a refund, each class member must submit a valid claim form. If you wish to file a claim, visit www.[website].com

and follow the instructions for completing and submitting the claim form on-line. You can request a paper copy from the claims administraor by calling [toll free number]. Claim forms *must* be submitted on-line or through the mail by [date].

Depending on the identity of your wireless carrier, it may be possible instead for you to contact your wireless carrier directly and request a refund for unauthorized charges.

### What are My Other Options?
You or your lawyer has the right to appear before the Court and object to the proposed Settlement. Your written objection must be submitted by [date]. If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Claims Administrator. Specific instructions are available in the full settlement available at www.[website].com. Your request *must* be submitted by [date].

If you do nothing you will be in the Settlement Class, and if the Court approves the settlement, you will also be bound by all orders and judgments of the Court. If approved, your claims against m-Qube your wireless carrier(s) (such as Verizon Wireless, T-Mobile, Sprint/Nextel, and Alltel) relating to claims for unauthorized Mobile Content will be fully resolved and released.

### Who Represents Me?
A team of attorneys ("Class Counsel") who brought the suit were appointed to represent you. At the hearing to evaluate the fairness of the settlement, Class Counsel will request an award not to exceed $2.4 million in attorneys' fees and costs, for investigating the facts, litigating the case, and negotiating the settlement. The Court has also appointed Class Representatives who, along with Plaintiffs in related cases will share $20,000 for their services. You may hire your own lawyer, but at your own expense.

### When will the Court Consider the Proposed Settlement?
The Court will hold a Fairness Hearing to determine if the proposed Settlement is fair, reasonable and adequate and to consider a motion for attorneys' fees and expenses on [date] at [time] the Richard J. Daley Center, 50 West Washington Street, Courtroom 2305, Chicago, Illinois, 60602. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the full notice and a claim form, visit: www.[website].com, call: [toll free number], write to: Claims Administrator [address] or contact Class Counsel: Jay Edelson, Myles McGuire, Ryan D. Andrews, & Rafey S. Balabanian of KamberEdelson, LLC, 350 N. LaSalle. Ste. 1300, Chicago, IL 60654 1-866-354-3015

By Order of the Court Dated: [COURT]

# Exhibit 3

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**IF YOU WERE BILLED FOR MOBILE CONTENT ASSOCIATED WITH M-QUBE, INC ON YOUR WIRELESS ACCOUNT AT ANY TIME PRIOR TO [NOTICE DATE] YOU MAY BE ENTITLED TO A REFUND FROM A CLASS ACTION SETTLEMENT**

*Visit www.[website].com for more information*

The settlement of a lawsuit relating to the improper billing of mobile content such as ringtones and news alerts associated with m-Qube has been preliminarily approved by a court in Chicago, IL. For complete information, visit www.[website].com. **The sole purpose of this notice is to inform you of the settlement so that you can decide what to do about it.**

Plaintiffs claim that m-Qube, along with others, charged wireless subscribers for Mobile Content that was not authorized. m-Qube denies these claims, but is settling this lawsuit to avoid the burden and cost of continuing the case.

The settlement will provide up to $12.254 million to pay the claims of class members who qualify, which includes up to $2.4 million in costs and attorneys' fees. If you qualify, you may send in a claim form to get either $10 refund or an 80% refund for up to three months of recurring or subscription charges. If the claims, fees, and cost of the settlement exceed settlement fund, those filing claims will be paid a *pro rata* share of the remainder of the fund. You may also choose to exclude yourself from the settlement or object to the settlement. Complete information can be found at www.[website].com.

Depending on the identity of your wireless carrier it may also be possible for you to contact your wireless carrier directly and request a refund for unauthorized charges for Mobile Content.

### Summary Of Your Legal Rights And Options In The Settlement

| You May: | | Due Date: |
|---|---|---|
| SUBMIT A CLAIM FORM at www.[website].com | The only way to get a payment. Give up your right to be part of any other lawsuit involving claims covered by this settlement. | Either the on-line claim form or the paper claim form must be submitted to the Claims Administrator by **[insert date]** or your claim will be rejected. |
| EXCLUDE YOURSELF | Get no refund. Keep your right to be a part of other lawsuits involving claims associated with this case. | Your exclusion request must be in writing and *submitted* by the Claims Administrator no later than **[insert date]**. |
| OBJECT | Write to the Court about the reasons that you are against the settlement. | Your Objection must be in writing and filed with the Court by **[insert date]**. |
| ATTEND A HEARING | Request that you be allowed to speak in Court about the fairness of the settlement. | You must file a Notice of Intention to Appear and Object with the Court by **[insert date]**. |
| DO NOTHING | Get no payment. Give up your rights. | |

For complete information about the settlement, related Court documents, and claim forms, please visit www.[settlement].com or call [toll fee number]. You may also contact the attorneys for the class: Jay Edelson, Myles McGuire, Ryan D. Andrews, and Rafey S. Balabanian of KamberEdelson, LLC through www.kamberedelson.com or calling 1-866-354-3015.

# Exhibit 4

NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Parone et al v. m-Qube, Inc. et al*, Case No. 08 CH 15834

>> **Click Here to Make a Claim**<<
>>**Click Here to Download a Paper Claim Form**<<
**(You must submit a claim form by [claims deadline]**
>>**Click Here to Download a Copy of the Settlement Agreement**<<

**IF YOU WERE BILLED FOR MOBILE CONTENT ASSOCIATED WITH M-QUBE, INC. ON YOUR WIRELESS PHONE BILL AT ANY TIME PRIOR TO [NOTICE DATE] YOU MAY BE ENTITLED TO A REFUND FROM A CLASS ACTION SETTLEMENT**

The Circuit Court of Cook County, Illinois authorized publication of this Notice. This is not a solicitation from a lawyer or a lawsuit against you. You need not live in Illinois to participate.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. If you elect to receive a payment, you will give up your right to be part of any lawsuit involving claims covered by this settlement. |
| EXCLUDE YOURSELF | Get no refund. This is the only option that allows you to be a part of another lawsuit involving claims covered by this settlement. |
| OBJECT | Write to the Court about the reasons that you are against the settlement. |
| ATTEND A HEARING | Request that you be allowed to speak in Court about the fairness of the settlement. |
| DO NOTHING | Receive no payment. If you elect to do nothing, you will give up your rights. |

- **These rights and options—and the deadlines to exercise them—are explained in this notice.**
- **The Court in charge of this case still has to decide whether to give final approval to the settlement. If it does, and after any appeals are resolved, the benefits discussed in this notice will be distributed to those who have submitted valid claims. Please be patient.**

<b>BASIC INFORMATION</b>

**1. What Is This?**

This Notice is to inform you of the settlement of a class action lawsuit pending in the Circuit Court of Cook County, Chicago, Illinois. The Court has granted preliminary approval of the settlement and has certified the Settlement Class defined more fully in this Notice, subject to a fairness hearing, which will take place on [date] at [time] in the Richard J. Daley Center, 50 West Washington Street, Courtroom 2305, Chicago, Illinois, 60602 to determine if the settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for an award of attorneys' fees and expenses, and incentive payments to the Class Representatives.

This Notice explains the nature of the class action lawsuit and the terms of the settlement and informs you of your legal rights and obligations. By agreeing to the settlement, m-Qube is not admitting that it is liable to the Settlement Class, or anyone else, or that it violated any law or regulation.

You have options, which are explained below.

**2. What is Mobile Content and Who is m-Qube, Inc.?**

"Mobile Content" is a product (such as ringtones, games, graphics and news or other alerts) that may be purchased and downloaded to your cell phone and is advertised, marketed and sold directly by third-party merchants (not m-Qube). m-Qube is an "aggregator" of Mobile Content, which means that it acts as a middleman between numerous merchants that sell Mobile Content and the wireless carriers who provide you with your wireless service. Part of m-Qube's service is to facilitate Mobile Content providers' billing and collection processes. Any charges associated with m-Qube may have appeared on your wireless statement along with the name "m-Qube" or may be identified with a "shortcode" number used in some cases for m-Qube-related messages. [Click for a list of short codes which may apply].

**3. What is the Lawsuit About?**

Plaintiffs brought a class action lawsuit in the Circuit Court of Cook County, Illinois, on behalf of a proposed class of wireless subscribers, alleging that m-Qube aided in charging wireless subscribers for Mobile Content that they did not authorize. Similar lawsuits were filed against m-Qube, the wireless carriers, third-party merchants, and other companies and are pending in state and federal courts throughout the country. A list of the related cases is contained in the Stipulation of Class Action Settlement, a copy of which can be found by click here. You need not live in Illinois to receive a benefit under the proposed settlement if you are eligible. This class action asserts claims for restitution/unjust enrichment, tortious interference with a contract, breach of contract against Sprint, and violation of the Illinois Consumer Fraud and Deceptive Practices Act. To resolve this matter without the expense and uncertainties of litigation in this

and several related class actions, the Parties have reached this settlement, which resolves certain potential claims against m-Qube and certain Wireless Carriers who delivered m-Qube related Mobile Content for alleged unauthorized Mobile Content charges. The settlement requires m-Qube to pay money to the Settlement Class, attorneys' fees to Class Counsel, certain costs associated with claims administration and notice, and an incentive payment to Class Representatives and named plaintiffs in related cases, if approved by the Court. The settlement also requires m-Qube to adhere to certain standards for the sale, marketing, and refunding of unauthorized Mobile Content. This settlement is not an admission of wrongdoing by m-Qube to Plaintiffs, the Settlement Class, any wireless subscriber, or any third party.

---

### 4. Who is in the Settlement Class?

---

You may be a member of the Settlement Class and your rights are affected if you are a person in the United States and its territories who, at any time prior to [Notice Date], was billed and paid for Mobile Content associated with m-Qube that was not authorized. This Notice explains how to determine if your unauthorized Mobile Content may be associated with m-Qube. You cannot participate in this settlement if you are a current or former employee, officer, or agent of m-Qube or the Wireless Carriers. In addition, only certain claims are being released through this settlement, and as a result, claims relating to AT&T Wireless are not covered. See Section 11 for further details.

---

### 5. What Relief is Provided To Class Members Under The Settlement?

---

**A.      m-Qube Service Improvements & Assurances.**  m-Qube has agreed to continue to improve its consumer protection practices, including assisting with ending subscriptions and providing information regarding content provider customer support. In addition, m-Qube has agreed to remain in compliance with the Mobile Marketing Association's guidelines, a copy of which can be viewed by clicking here. [>> www.mmaglobal.com/bestpractices.pdf<< ]

**B.      Cash Refund Options For Settlement Class Members Filing Claim Forms.**  In addition to the above-described service assurances, all Settlement Class Members will be entitled to submit a claim form for a cash settlement benefit. The Claim Form will present each Class Member with a choice between two options for receiving a refund. Those who select Option #1, will, upon providing simple information and verifying they received an unauthorized charge covered by the settlement, receive a $10 cash refund. Those who select Option #2, will be required to provide more detailed information about subscription or other recurring charges for Mobile Content associated with m-Qube, but will be eligible to receive a refund of up to 80% of three months of such recurring charges. If approved, the Claims Administrator will issue a check to each class member who submits a valid Claim Form, unless the amount of Claim Forms submitted plus sixty percent of the refunds provided by the wireless carriers directly, expenses, attorneys' fees, and incentive awards is more than the $12.254 million settlement fund. If these amounts exceed the settlement fund, each person who submitted valid claim form will get their equal share of the total sum to be paid to the Settlement Class.

| 6. What are my Legal Rights? |
| --- |

*How Do I File A Claim for a Refund?*

If you were billed for charges for Mobile Content at any time prior to **[notice date]** that to the best of your knowledge and belief were unauthorized and were associated with m-Qube, you may submit a claim form to obtain acash refund. Alternatively, depending on the identity of your wireless carrier it may also be possible for you to contact your wireless carrier directly and request a refund for unauthorized charges.

To receive any refund through the claims process, you must properly and timely submit a claim form, either electronically, or, you may obtain a claim form by requesting a copy from the Claims Administrator by calling [insert toll free number] or following the instruction below. We highly encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

If you would still prefer to download, print, and mail your claim form, right-click on the link below and choose "Save Link/Target As..." to download the file.
[>>link to paper claim form .pdf<<]

**Either the on-line form must be submitted or the paper form must be submitted by [INSERT DATE of claims deadline] or your claim form will be rejected**.

Follow the steps below to file a claim form.

    **Step 1 –You Must First Determine Whether Your Charges Were Unauthorized.** You cannot recover under this settlement if you authorized the charges for Mobile Content associated with m-Qube. The Claim Form will require you to affirm that any claim is only for a charge to which you did not authorize.

    **Step 2 - Identify Unauthorized Charges For Mobile Content Associated With m-Qube.** If you are unclear about whether the unauthorized charges for Mobile Content you received were associated with m-Qube, this information is either located on your wireless bills or can be obtained from your wireless carrier's customer service. Charges for Mobile Content on your wireless bills may refer to m-Qube or contain the following billing "short code."

        [Insert List of Short Codes used non-exclusively by m-Qube]

    **Step 3 – Complete a Claim Form.** Click <u>here</u> to access the online claim form or call [insert toll free number] to request a paper copy or download a paper copy <u>here</u>. Everyone who submits a claim form must provide all the required information in the

"Claimant Information" section. Class Members then are given a choice to receive a refund under "Option #1" for a set $10 cash refund, or under "Option #2" where if more detailed information about subscription or other recurring charges for Mobile Content associated with m-Qube is provided, a Class Member will be eligible to receive a refund of up to 80% of three months of such charges.

- *Option #1*: To properly file a claim for a set refund under Option #1, a Class Member need only fully complete the Claimant Information, check off all applicable boxes affirming the truth of the corresponding statements, and sign (or select the box if filing electronically) the Claim Form. You need not provide any information under Option #2.

- *Option #2*: To properly file a claim for an 80% refund for up to three months of a subscription or other recurring charge under Option #2, a Class Member must complete the Claimant Information, check off all applicable boxes affirming the truth of the corresponding statements, and provide the requested information about the specific charges claimed to have been unauthorized. Finally, add the charges listed, insert the number next to the "Total Amount Claimed," and sign (or select the box if filing electronically) the Claim Form. Information under Option #1 need not be provided.

**Step 4 – Submit Your Claim Form Electronically Or Mail Your Paper Claim Form To The Claims Administrator.** You must submit the completed claim form to the Claims Administrator, following the instructions for submission, either electronically or by mail, by on or before **[date]. Remember, you must submit your claim form by [Date].**

*What Happens After a Claim Form is Filed?*

Upon receipt, the Claims Administrator will review your claim form to determine whether you are entitled to a refund for unauthorized charges. If your claim form is approved, the Claims Administrator will mail those selecting Option #1 a $10 check, and those selecting Option #2 a check for an 80% refund for up to three months of recurring or subscription charges. Only if the settlement fund is exceeded will Class Members receive an equal, or *pro rata*, share of the remaining settlement money. By submitting a claim form in this settlement, you will then be bound by all orders and judgments of the Court, and your claims related to unauthorized charges for Mobile Content associated with m-Qube will be released against m-Qube and your wireless carrier(s), and any and all Released Parties in these class action lawsuits in accordance with the settlement. A full explanation of this process is set out in the Stipulation Of Class Action Settlement, which can be found by clicking here [insert link].

*How Not To Participate In The Settlement Class*

If you do not wish to be a member of the Settlement Class, you may request to be excluded by writing to the Claims Administrator. To do so, you must provide your full name and address,

state that you want to opt out of the proposed settlement, and deliver your request for exclusion by mail, hand, or overnight delivery service to the Claims Administrator, at [address]. To be valid, your request for exclusion **must** be submitted no later than [date].

*How Do I Object to the Settlement?*

The Court will hold a Fairness Hearing to determine if the settlement is fair, reasonable and adequate, and to consider also Class Counsels' request for an award of attorneys' fees and expenses, and incentive award(s) to the Class Representatives on [date] at [time] at the Richard J. Daley Center, 50 West Washington Street, Courtroom 2305, Chicago, Illinois, 60602, or on such other date as the Court may otherwise determine. You or your attorney has the right to appear before the Court and object to the settlement. However, to do so you must first file a Notice of Intention to Appear and Object. All such objections to the settlement **must** be filed by [date]. If you decide to object to the settlement, you must (1) provide your full name and address; (2) provide evidence that you are a member of the Settlement Class; (3) include all arguments, citations, and evidence supporting such objection(s); (4) specify who, if anyone, will attend the fairness hearing to speak with respect to your objection(s) to the settlement; (5) deliver your objection(s) by mail, hand, or overnight delivery service to the Claims Administrator, Class Counsel and m-Qube's Counsel; and (6) file a copy of your objections with the Court in this matter. Failure to provide evidence that you are a class member may result in your objection being disregarded.

## 7. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against m-Qube or the Wireless Carriers about the legal issues in this case, ever again.

## 8. If I Remain in the Settlement Class, Who Represents Me?

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Class Counsel:**
Jay Edelson
Myles McGuire
Ryan D. Andrews
Rafey S. Balabanian
KamberEdelson LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 1-866-354-3015
www.kamberedelson.com

## 9. What is the Plaintiffs' Attorneys' Fees Award?

The Court has appointed the attorneys listed above to represent the Settlement Class. At the fairness hearing described above, Class Counsel will be seeking final approval of the settlement and request approval by the Court of the fee award, consisting of attorneys' fees and costs up to $2.4 million.

## 10. What Is The Incentive Award To The Class Representatives?

As part of the preliminary approval of the settlement, the Court has appointed Edward Parone and Melissa Sodaro as Class Representatives, who, along with certain named plaintiffs in several related actions will share in a total aggregate incentive award of $20,000 for their service in these matters.

## 11. What Claims Are Being Released in this Settlement?

Unless you timely file and serve a valid request for exclusion you will be part of the Settlement Class. By remaining in the Settlement Class, all of the Court's Orders will apply to you. Among other things, you will give m-Qube and all of the Wireless Carriers through which Mobile Content is billed a full and complete release of all claims related to alleged unauthorized Mobile Content charges billed to you prior to [Notice Date] that were associated with m-Qube. A release means that you cannot sue or be a part of any other lawsuit against the Released Parties in connection with the claims or issues involved in this class action lawsuit.

Certain claims relating to Mobile Content are not being released as a part of this settlement. These non-released claims are:

(a) deceptive marketing claims encompassed within the *In re Jamster* MDL No. 1751, 05 CV 0819 JM (CAB), meaning specifically those claims alleging that "(i) VeriSign and Jamster defendants have falsely represented to consumers that mobile customers can get a free ring tone or other phone service by sending a message to Jamster or by registering on the internet; and (ii) instead of receiving the free content, those customers then received repeated text messages from defendants for which they were charged by defendants."

(b) claims for Mobile Content delivered to AT&T Mobility or Cingular customers as these claims involve a separate settlement. If you presently have wireless service from AT&T Mobility, but paid unauthorized charges with a separate carrier, you may still be able to participate in this settlement.

A full explanation of the Release of claims is set out in the Stipulation of Class Action Settlement, available [here].

7

### 12. What Is Class Counsel's Opinion Of The Settlement?

In connection with the settlement, the Court has given preliminary approval to the appointment of Class Counsel who have conducted extensive investigation into the factual and legal claims of the Settlement Class and the defenses that might be asserted by various defendants, including m-Qube, against those claims. Based on their investigation, Class Counsel believe that the settlement is fair, reasonable and adequate and in the best interests of the Settlement Class. In making this evaluation, Plaintiffs and Class Counsel have also taken into account the expense and length of continued proceedings necessary to continue to prosecute this class action, and similar cases against m-Qube through trial, verdict, judgment and appeals, and have taken into account the uncertainty and the risk of the outcome of litigation especially in complex actions such as these as well as the difficulties and delays inherent in such actions.

### 13. When Will The Court Determine The Fairness Of The Settlement?

The Court has given preliminary approval to the settlement. A final hearing on the settlement, which is called a Fairness Hearing, will be held to determine the fairness of the settlement. At the Fairness Hearing, the Court will hear any proper objections and arguments to the settlement, as well as Class Counsel's request for an award of attorneys' fees and expenses, and the incentive awards to the Class Representative. The Court will hold the Fairness Hearing on [date] at [time] at the Richard J. Daley Center, 50 West Washington Street, Courtroom 2305, Chicago, Illinois, 60602

YOU ARE NOT OBLIGATED TO ATTEND THE FAIRNESS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

If the settlement is not finally approved, the case will proceed as if no settlement had been attempted or agreed upon. There can be no assurance that if the settlement is not approved, the Settlement Class will recover more than is provided in the settlement, or indeed, anything at all.

### 14. Where Can I Obtain More Information About The Settlement?

Any questions you or your attorney may have concerning this Notice should be directed to Class Counsel at the address listed below, or you can contact the Claims Administrator at [address, telephone number, email]. Please include the case name and number, and your name and your current return address on any letters, not just the envelopes. **You may also contact Class Counsel at 1-866-354-3015. You may also read the Stipulation of Class Action Settlement, by clicking <u>here</u>. You may also request a copy of the Stipulation of Class Action Settlement from the Claims Administrator by calling [insert toll free number] or emailing [insert email address].**

**Please do not contact the Court. Instead, to obtain information about the terms and conditions concerning the settlement, you may contact Class Counsel, as follows:**

<u>**Class Counsel:**</u>

Jay Edelson
Myles McGuire
Ryan D. Andrews
Rafey Balabanian
KamberEdelson LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 1-866-354-3015
www.kamberedelson.com

By Order of the Court Dated: [Date]

# Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

EDWARD PARONE and MELISSA SODARO )
individually and on behalf of similarly situated, )
individuals, )
                                          )
                *Plaintiffs*, )     No.  08 CH 15834
                                            )
             v. )
                                            )
M-QUBE, INC., a Delaware corporation )     Hon. Stuart E. Palmer
NEXTEL PARTNERS OPERATING, )
CORPORATION, a Delaware corporation SPRINT )
SPECTRUM LP, a Delaware limited partnership, )
NEXTEL WEST CORPORATION, a )
Delaware corporation )
                                            )
                *Defendants*. )

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING

This matter came before the Court on November 3, 2009 for status and a hearing on

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement[1] as set forth in the

Stipulation of Class Action Settlement (the "Agreement"). Due and adequate notice having been

given and the Court having fully considered the briefs and having been duly advised in the

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED as follows:

      1. The Court has reviewed the Stipulation of Settlement, as well as the files, records,

and proceedings to date in this matter. The Court finds that: (a) the Agreement is "within the

range" of possible final approval as fair, reasonable and adequate; (b) the Agreement is the result

of arms' length negotiations between experienced attorneys familiar with the legal and factual

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed
to them in the Stipulation of Class Action Settlement.

issues of this case and was reached with the assistance of a neutral mediator; (c) all Class

Members are treated fairly under the Agreement; and (d) the Agreement is sufficient to warrant

notice thereof to members of the Class and the Fairness Hearing described below. Accordingly,

the Plaintiff's Motion for Preliminary Approval is Granted for the reasons articulated in the

Plaintiffs' brief.

2.      The Court hereby confirms and grants certification to the Settlement Class as

defined below and preliminarily finds that the requirements of Section 2-801 of the Illinois Code

of Civil Procedure for maintenance of this action as a class action have been satisfied in all

respects and for the reasons set forth in Plaintiff's Motion for Preliminary Approval of Class

Action Settlement. The Settlement Class is defined as follows:

> All current and former Wireless Subscribers in the United States and its territories
> who, any time from the date m-Qube started doing business until the Notice Date,
> were billed for Mobile Content associated with m-Qube that was not authorized.

The following Persons were excluded from the definition of the Settlement Class:

> The Defendant, Wireless Carriers, the Claims Administrator, and any respective parent,
> subsidiary, affiliate or control person of the Defendant, as well as the officers, directors,
> agents, servants, or employees of the Defendant, any judge presiding over this case or
> over any of the actions which compromise the Action and/or Related Actions, and the
> immediate family members of any such Person(s).

3.      Jay Edelson, Myles McGuire, Ryan D. Andrews, and Rafey S. Balabanian of

KamberEdelson LLC are appointed Class Counsel.

4.      Edward Parone and Melissa Sodaro are appointed as Class Representatives.

5.      The firm of Rosenthal & Company is hereby appointed as Claims Administrator

for the Agreement and shall perform all of the duties of the Claims Administrator as set forth in

the Agreement and in this Order.

6.      The form and methods of proposed notice set forth in the Agreement are

2

adequate, proper, and comport with Due Process. The Court finds that the content of the long form "web" notice and summary form notices and the manner of their dissemination described below are the best practicable notice under the circumstances and are reasonably calculated to apprise the Settlement Class members of the pendency of this action, the terms of the Agreement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

      7.    The Settlement Class Notice as described in the Agreement shall be disseminated according the following schedule:

          a.    Internet Publication Notice shall be erected within 10 days of this Order;

          b.    The Press Release may be issued as soon as practicable in accordance with the terms of the Agreement;

          c.    m-Qube shall provide the Claims Administrator with all electronic or U.S. Mail addresses for any potential class member as contained in its active records and/or active databases within 30 days of this Order. The claims administrator shall commence mail or email direct notice substantially in the form attached as Exhibit 2 to the Agreement within 45 days of this Order;

          d.    The Publication Notice shall be commenced within 45 days of this Order and shall consist of one-day 1/8th page ad space in the Miami Herald, the New York Daily News, the Los Angeles Times, the Chicago Sun Times, the Philadelphia Inquirer, the Dallas Morning News, the Houston Chronicle, the Fort Worth Star Telegram, the Washington Post, the Atlanta Journal-Constitution, the Boston Globe, USA TODAY, and a 1/4 page ad in Rolling Stone Magazine; and

          e.    The Targeted Internet Advertising promoting the Internet Publication

3

Notice shall begin as soon as practicable following the erection of the Settlement website.

8.     Any Person may opt out of the Settlement Class at any time during the Opt-Out Period, as will be outlined in the Court-approved Settlement Class Notice. Opt-outs must be postmarked or filed with the Claims Administrator by **February 3, 2010** In order to exercise the right to opt out, the Person seeking to opt-out must complete and return a Request For Exclusion to the Claims Administrator during the Opt-Out Period. Except for those Persons who have properly opted out, all Settlement Class Members will be bound by this Agreement and the Judgment to be entered following final approval of this Agreement. Any Person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Action; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The Request For Exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

9.     Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, the Incentive Award, or the Fee Award, or any of them. Settlement Class members may do so either on their own or through counsel hired at their expense. Any Settlement Class Member who wishes to object to the Agreement must file an objection with this Court on or before **February 3, 2010**. The objection must contain the following: (i) a notice of the objector's intention to appear at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Settlement Class

4

Member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony. On or before that same date, any such objecting Settlement Class Members shall serve a copy of such papers by first-class mail on each of the following counsel:

> Jay Edelson
> KamberEdelson LLC
> 350 North LaSalle, Suite 1300
> Chicago, IL 60654

and

> James L. Cooper
> Arnold & Porter LLP
> 555 Twelfth Street
> Washington, DC 20004-1206

10.    Papers in support of final approval of the Agreement, Incentive Awards, and the Fee Award, along with the response to any objections shall be filed with the Court on or before _February 17, 2010_.

11.    A Fairness Hearing is set this matter on _February 24_, 2010 at _2:00_ p.m. in Room 2305.

12.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notices, and other exhibits that they jointly agree are reasonable or necessary.

ENTERED:

Judge Stuart E. Palmer

5